F I L E D
United States Court of Appeals
Tenth Circuit

AUG 27 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CYNTHIA FAYE WOODS,

      Plaintiff-Counter-
      Defendant-Appellant,

v.

WAL-MART, a corporation,

      Defendant-Counter-
      Claimant-Appellee,

   and

S.A. NEUMEYER, SEAN DEBOW,
named as: Shawn DeBow, individually
and as members of the Aurora Police
Department; AURORA, CITY OF, a
municipal corporation in the State of
Colorado, joint and several liability,

      Defendants-Appellees.

No. 96-1381
(D.C. No. 92-S-965)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Cynthia Faye Woods appeals from an order of the district court denying her motion to remand several state claims following the final disposition of this removed action.  For reasons explained below, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

While working as a cashier for a Wal-Mart store in Aurora, Colorado, Ms. Woods was filmed by an internal security camera permitting a customer to pass through her check-out stand paying only for two minor items, although the customer's shopping cart contained a television and eleven articles of clothing.  Ms. Woods was arrested for theft and fired from her job.  She was ultimately acquitted on the criminal charges, however, and subsequently filed suit in state court asserting numerous contract, tort, and federal civil rights claims against Wal-Mart, two Aurora police officers involved in her arrest, and the City of Aurora.  Shortly thereafter, the defendants jointly secured removal of the action to federal district court pursuant to 28 U.S.C. § 1441, evidently without objection from Ms. Woods.

Eventually, the district court granted summary judgment in favor of the defendants on all federal claims, and dismissed the state claims for lack of supplemental jurisdiction. This court affirmed. See Woods v. Neumeyer, No. 95-1097, 1996 WL 67187 (unpub. 10th Cir.), cert. denied, 116 S. Ct. 2553 (1996). Four months later, Ms. Woods filed a motion asking the district court to remand the case back to state court, pursuant to 28 U.S.C. § 1447, for proceedings on her state causes of action. The district court summarily denied the motion in a minute order entered on the docket July 3, 1996. Ms. Woods filed a notice of appeal from that order[1] on August 5, 1996, apparently outside the thirty-day appeal period specified in Fed. R. App. P. 4(a)(1).

## I. Appellate Jurisdiction

### A. Timeliness and Rule 58

"Because the timely filing of a notice of appeal is mandatory and jurisdictional, we must determine, as a threshold matter, whether the notice of appeal was timely before evaluating the merits of the appeal." Farthing v. City of

---

[1]     A post-judgment request for remand submitted beyond the period specified for a motion to alter or amend judgment under Fed. R. Civ. P. 59 is properly treated as a motion to vacate judgment and remand under Fed. R. Civ. P. 60(b), and, as such, its denial is an appealable disposition. See, e.g., Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986); Bruton v. Shank, 349 F.2d 630, 631 (8th Cir. 1965); see also Parks v. Montgomery Ward & Co., 198 F.2d 772, 773-74 (10th Cir. 1952).

Shawnee, 39 F.3d 1131, 1133 n.1 (10th Cir. 1994) (quotation omitted).  Under

Rule 4(a), "[t]he date of entry is the beginning point for when the time period

begins to run."  Jenkins v. Burtzloff, 69 F.3d 460, 461 (10th Cir. 1995).  "'Entry'

. . . occurs only when [pursuant to Rule 58] the essentials of a judgment or order

are set forth in a written document separate from the court's opinion and

memorandum and when [pursuant to Rule 79] the substance of this separate

document is reflected in an appropriate notation on the docket sheet . . . ."

Herrera v. First Northern Sav. & Loan Ass'n, 805 F.2d 896, 899 (10th Cir. 1986);

see Fed. R. App. P. 4(a)(7).  While noncompliance with these procedures may be

deemed waived when appellate jurisdiction is otherwise secure, where, as here, an

appeal would be untimely if measured from the date of the order under review,

Rule 58 may, rather, be strictly enforced to hold that the appeal time has yet to

run, thereby preserving appellate rights.  See, e.g., Clough v. Rush, 959 F.2d 182,

184-85 (10th Cir. 1992); see also Shalala v. Schaefer, 509 U.S. 292, 302-03

(1993).  Thus, noncompliance with the rule here could potentially save

Ms. Woods' otherwise untimely appeal.[2]

---

[2]     There is some controversy whether Rule 58 even applies to orders denying post-judgment relief.  Compare Fiore v. Washington County Community Mental Health Ctr., 960 F.2d 229, 232-34 (1st Cir. 1992) (citing text and policy to apply rule), with Chambers v. American Trans Air, Inc., 990 F.2d 317, 318 (7th Cir. 1993) (relying on analysis of post-judgment context to hold rule inapposite).  But we have applied it to the denial of a new trial motion, see Allen ex rel. Allen v.

(continued...)

Rule 58 is not enforced in strictly literal fashion if there is no question about finality; in such a case, the order effecting the challenged disposition may itself constitute the requisite "separate document." Clough, 959 F.2d at 185; United States v. Clearfield State Bank, 497 F.2d 356, 358 (10th Cir. 1974) (rule does not "mean that two documents are required in all cases"). "Generally, orders containing neither a discussion of the court's reasoning nor any dispositive legal analysis can act as final judgments if they are intended as the court's final directive and are properly entered on the docket." Clough, 959 F.2d at 185. Thus, in Allen, this court deemed Rule 58 satisfied by entry of an order that, like the order in this case, simply denied post-judgment relief. Allen, 827 F.2d at 673; see also Laidley v. McClain, 914 F.2d 1386, 1390 (10th Cir. 1990) (holding brief order adopting magistrate judge's report and granting summary judgment satisfied rule). Accordingly, we hold that the time for appeal commenced on July 3, 1996, and, consequently, that the notice of appeal was untimely.

**B.** Excuse for Untimeliness

Ms. Woods seeks to excuse her late appeal on two bases. First, she claims the clerk failed to provide her with notice of the entry of judgment, as required by

[2](...continued)
Horinek, 827 F.2d 672, 673 (10th Cir. 1987), and, "[b]ecause the underlying principles are closely analogous," there is good reason "to adopt a uniform approach for all orders denying post-judgment motions." Fiore, 960 F.2d at 232.

Fed. R. Civ. P. 77(d), and contends this omission tolled the time for appeal until August 5, 1996, when she first learned of the entry. Rule 77(d) states that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Where, as here, a tardy appellant has not sought relief from the district court under Rule 4(a), any lack of notice as to entry will not excuse her untimely appeal. See, e.g., Senjuro v. Murray, 943 F.2d 36, 37 (10th Cir. 1991); Lathrop v. Oklahoma City Hous. Auth., 438 F.2d 914, 915 (10th Cir. 1971).

Second, Ms. Woods submits an affidavit from counsel recounting specific inquiries about the entry of judgment directed to the district court which, until a computer search was finally conducted by the clerk on August 5, 1997, elicited negative responses. These undisputed facts go beyond mere nonfeasance under Rule 77(d), and implicate the "unique circumstances" doctrine under which a jurisdictionally defective appeal may be allowed in the interests of justice if affirmative actions or statements by the district court have "induced detrimental reliance by an appellant resulting in the filing of an untimely notice of appeal." Senjuro, 943 F.2d at 37-38; see, e.g., Stauber v. Kieser, 810 F.2d 1, 1-2 (10th Cir. 1982). As we cannot say counsel's reliance on the specific misinformation provided by the court clerk was unreasonable, we accept jurisdiction of this

appeal and proceed to the merits. See generally Home & Family, Inc. v. England Resources Corp. (In re Home & Family, Inc.), 85 F.3d 478, 481 (10th Cir. 1996) (noting "[r]easonable reliance [is] the mainstay of the 'unique circumstances' doctrine").

## II. Merits of the Appeal

As noted above, the district court's summary order denying the motion to remand does not set forth any legal rationale. We may, nonetheless, affirm the order on any ground for which the record permits a conclusion of law. See Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir. 1991). Neither of the principal arguments advanced by defendants on appeal provides such a rationale, but together they direct our attention to the critical inquiry.

Defendants contend the final judgment on the merits deprived the district court of jurisdiction to consider any subsequent remand of the now-dismissed state claims. On the contrary, so long as the remand motion was premised on the district court's lack of jurisdiction over the removed action, the assertedly void judgment would present no obstacle to the relief requested. "If the federal court never could have exercised original jurisdiction over the case, remand is required even after the entry of final judgment." Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991) (following American Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951)); see In re Carter, 618 F.2d 1093, 1098 (5th Cir. 1980) ("Even after entry

-7-

of final judgment, the constitutional balance of policies that underlies the Article III grant of judicial power impels the vacation of that judgment and remand to the state court having jurisdiction when it is determined that the federal court was without power to act because of a lack of subject matter jurisdiction over a removed case."). Defendants also contend that, by failing to challenge the dismissal of her state claims on her prior appeal, Ms. Woods lost her right thereafter to seek a remand. Once again, if her remand motion was based on the district court's lack of jurisdiction, the existence of a prior appeal omitting that issue would not bar Rule 60(b)(4) relief. See Wilmer v. Board of County Commr's, 69 F.3d 406, 408-10 (10th Cir. 1995) (holding post-appeal jurisdictional challenge properly brought under Rule 60(b)(4), and affording relief *because* challenge had not been litigated on appeal--which would have raised concerns about law of the case). Thus, our inquiry must focus on the legal basis for the remand sought, specifically on any jurisdictional objections to the judgment dismissing the state claims.

In this vein Ms. Woods argues that, with the adverse disposition of her federal causes of action, upheld on her first appeal, any removal/supplemental jurisdiction over her state claims derived therefrom was nullified ab initio, necessitating the district court to vacate its dismissal of the latter claims and remand them to state court. This is simply wrong. When a federal claim

anchoring removed or supplemental state claims is rejected on the merits, the exercise of federal jurisdiction over the latter is not retroactively undermined; after the federal claim is resolved, the district court is then empowered to decide whether to proceed on the merits of the state claims, dismiss them (as the district court did here), or remand them to the state court from which they were removed. See, e.g., Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348-53, 357 (1988); Albertson's, Inc. v. Carrigan, 982 F.2d 1478, 1481 (10th Cir. 1993); Robles v. City of Fort Wayne, 113 F.3d 732, 738 (7th Cir. 1997); Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1265-67 (D.C. Cir. 1995). We do not assess the propriety of the particular choice made among these discretionary alternatives here; any (nonjurisdictional) objection in this regard was indeed lost by omission from, or disposition on, appeal from the judgment of dismissal. For present purposes, we need only recognize that the district court had jurisdiction to make such a choice.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge