# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3010

_____

| | | |
|---|---|---|
| Kenneth Ray Lee; Lisa Jeanne Ertle; Brenda Osen; Juan Martinez; Amy Schwandt; Glenda Richards; Michael O'Donnell; John Kant; Kim Swanson, on behalf of themselves and all others similarly situated, | * * * * * * * * | |
| Plaintiffs, | * * | |
| Thomas J. Lyons & Associates, | * * | |
| Appellant, | * * * | Appeals from the United States District Court for the District of Minnesota. |
| v. | * * | |
| L.B. Sales, Inc., doing business as Continental Motors, a Minnesota corporation, | * * * * | |
| Defendant, | * * | |
| Credit Acceptance Corporation, a Michigan corporation, | * * * | |
| Defendant/Appellee, | * * | |
| Community Credit Co., a Minnesota corporation, | * * * | |
| Defendant, | * * | |

Bankers & Shippers Insurance        *
Company, a Connecticut corporation;  *
First Lenders Insurance Services, Inc.,  *
a foreign corporation,               *
                                     *
          Defendants/Appellees,      *
                                     *
John Doe; Mary Roe,                  *
                                     *
          Defendants.                *

_____

No. 98-3014

_____

Kenneth Ray Lee; Lisa Jeanne Ertle;  *
Brenda Osen; Juan Martinez; Amy      *
Schwandt; Glenda Richards; Michael   *
O'Donnell; John Kant; Kim Swanson,   *
on behalf of themselves and all others  *
similarly situated,                  *
                                     *
          Plaintiffs,                *
                                     *
Thomas J. Lyons & Associates,        *
                                     *
          Appellee,                  *
                                     *
     v.                              *
                                     *
L.B. Sales, Inc., doing business as  *
Continental Motors, a Minnesota      *
corporation,                         *
                                     *
          Defendant,                 *
                                     *

Credit Acceptance Corporation,     *
a Michigan corporation,     *
     *
        Defendant/Appellant,     *
     *
Community Credit Co., a Minnesota     *
corporation; Bankers & Shippers     *
Insurance Company, a Connecticut     *
corporation; First Lenders Insurance     *
Services, Inc., a foreign corporation;     *
John Doe; Mary Roe,     *
     *
        Defendants.     *

_____

No. 98-3016

_____

Kenneth Ray Lee; Lisa Jeanne Ertle;     *
Brenda Osen; Juan Martinez; Amy     *
Schwandt; Glenda Richards; Michael     *
O'Donnell; John Kant; Kim Swanson,     *
on behalf of themselves and all others     *
similarly situated,     *
     *
        Plaintiffs,     *
     *
Thomas J. Lyons & Associates,     *
     *
        Appellee,     *
     *
        v.     *
     *
L.B. Sales, Inc., doing business as     *
Continental Motors, a Minnesota     *
corporation; Credit Acceptance     *

-3-

Corporation, a Michigan corporation;     *
Community Credit Co., a Minnesota    *
corporation,                               *
                                           *
          Defendants,           *
                                           *

Bankers & Shippers Insurance      *
Company, a Connecticut corporation,  *
                                           *
         Defendant/Appellant,    *
                                           *

First Lenders Insurance Services, Inc.,  *
a foreign corporation; John Doe;     *
Mary Roe,                            *
                                         *
          Defendants.           *

———————

No. 98-3017

———————

Kenneth Ray Lee; Lisa Jeanne Ertle;  *
Brenda Osen; Juan Martinez; Amy    *
Schwandt; Glenda Richards; Michael  *
O'Donnell; John Kant; Kim Swanson,  *
on behalf of themselves and all others  *
similarly situated,               *
                                         *
         Plaintiffs,            *
                                         *

Thomas J. Lyons & Associates,     *
                                         *
         Appellee,            *
                                         *
        v.                       *
                                         *

L.B. Sales, Inc., doing business as   *
Continental Motors, a Minnesota     *
corporation; Credit Acceptance     *
Corporation, a Michigan corporation;  *
Community Credit Co., a Minnesota   *
corporation; Bankers & Shippers    *
Insurance Company, a Connecticut   *
corporation,            *
                *
     Defendants,     *
                *
First Lenders Insurance Services, Inc.,  *
a foreign corporation,       *
                *
     Defendant/Appellant,  *
                *
John Doe; Mary Roe,      *
                *
     Defendants.     *

_____

Submitted: March 10, 1999

Filed: June 2, 1999

_____

Before FAGG and WOLLMAN,[1] Circuit Judges, and WEBBER,[2] District Judge.

_____

[1]Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

WOLLMAN, Chief Judge.

Thomas J. Lyons & Associates appeals from a district court order affirming the magistrate judge's[3] award of sanctions under 28 U.S.C. § 1927 in favor of Credit Acceptance Corporation, Bankers & Shippers Insurance Company, and First Lenders Insurance Services (Defendants). Defendants cross-appeal, claiming that the amount of sanctions ordered by the court was too low. Because neither the magistrate judge nor the district court entered findings to support the sanctions award, we vacate the award and remand to the district court for further proceedings.

## II.

Lyons, Richard G. Nadler, and Steven T. Appelget served, at varying times, as counsel for the plaintiffs in the action underlying this litigation. Nadler signed the original complaint in July of 1994, and all three attorneys were listed on the signature block. See Compl. at 41, Appellant's Appx. at 153. After Defendants moved to dismiss the action under Fed. R. Civ. P. 12(b)(6), Nadler filed an amended complaint for the plaintiffs in January of 1995. Nadler's was the only name listed on the signature block. See Am. Compl. at 43, Appellant's Appx. at 196. In February of 1995, the district court sua sponte ordered the plaintiffs to file a second amended complaint. This complaint was signed by Appelget and listed Appelget and Nadler on the signature block. See Second Am. Compl. at 66, Appellant's Appx. at 262. The second amended complaint asserted a variety of state and federal claims and survived the motion to dismiss. It also purported to be a class action. See Second Am. Compl. ¶¶ 12-21, Appellant's Appx. at 200-02.

---

[3]To whom the determination of sanctions had been referred pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(b).

According to Lyons, in early 1995 he and Nadler "parted company" and "Nadler & Associates" continued to represent the plaintiffs. Appellant's Br. at 2; cf. Am. Pretrial Schedule of Apr. 13, 1995, Appellant's Appx. at 104 (listing Nadler and Appelget as counsel for the plaintiffs). In July of 1995, Nadler filed a motion for class certification on behalf of the plaintiffs. In September of 1995, Lyons' new firm ("Lyons Sawicki Neese & Phelps, P.A.") replaced Appelget and Nadler & Associates as counsel of record for the plaintiffs. See Substitution of Attorneys, Appellant's Appx. at 108. Shortly thereafter, Lyons withdrew the motion to certify the class. See Appellant's Appx. at 272. Defendants moved for summary judgment, which the district court granted in August of 1996. See Tr. of Summ. J. Hr'g, Appellant's Appx. at 34. In January of 1997, Lyons' firm became "Lyons & Associates."

Defendants moved for sanctions under 28 U.S.C. § 1927 "because of plaintiffs' unreasonable and vexatious conduct." See Defs.' Motions for Fees and Expenses, Appellant's Appx. at 25-26, 30-31, 32. The magistrate judge determined that sanctions were warranted and ordered Defendants to submit affidavits on their attorney fees to assist in calculating the proper amount of the sanction. See Order of February 28, 1997, at 2. Finding that Defendants' fee affidavits did not provide enough detail to justify higher awards, the magistrate judge ordered Lyons & Associates to pay each Defendant $15,000. See Order of March 18, 1998, at 5. The district court summarily affirmed the magistrate judge's decision, finding that it was neither clearly erroneous nor contrary to law. See Order of June 22, 1998, at 1. Lyons & Associates and Defendants appeal.

## II.

The District of Minnesota's local rules require parties to appeal a magistrate judge's decision to the district court within ten days. D. Minn. L.R. 72.1(b)(2). Defendants argue that Lyons & Associates waived the right to appeal the magistrate

judge's February 1997 order awarding sanctions because it did not file an appeal until after the March 1998 order fixing the amount of sanctions.

In reviewing the magistrate judge's decision, the district court stated that "[t]he parties appeal an Order issued March 18, 1998 . . . ordering [Lyons & Associates] to pay [Defendants] each the sum of $15,000. The parties timely filed their appeals, pursuant to D. Minn. L.R. 72.1(b)(2)." Order of June 22, 1998, at 1. The court did not address Defendants' contention that Lyons & Associates waived its right to appeal the award of sanctions.

We have held that a district court order awarding sanctions is not final and appealable if it reserves the determination of the amount of the sanction. See Hill v. St. Louis Univ., 123 F.3d 1114, 1120-21 (8th Cir. 1997); accord Kennedy v. Applause, Inc., 90 F.3d 1477, 1483 (9th Cir. 1996); Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994); Discon, Inc. v. NYNEX Corp., 4 F.3d 130, 132-33 (2d Cir. 1993); Walter v. Fiorenzo, 840 F.2d 427, 433 n.6 (7th Cir. 1988). But cf. Kansas Pub. Employees Retirement Sys. (KPERS) v. Reimer & Koger Assocs., 165 F.3d 627, 629-30 (8th Cir. 1999) (finding that a party waived its right to appeal a sanctions award when it did not respond to the initial sanctions motion or move to amend the award within ten days). Because the magistrate judge's 1997 decision to award sanctions reserved the determination of the amount of the sanction, it was not appealable until entry of the March 1998 order fixing the amount of sanctions. Thus, Lyons & Associates did not waive its right to appeal the decision to award sanctions.

**III.**

We review the district court's factual findings for clear error and its decision affirming the award of sanctions under section 1927 for an abuse of discretion. See KPERS, 165 F.3d at 630-31; Gundacker v. Unisys Corp., 151 F.3d 842, 849 (8th Cir.

1998), cert. denied, 119 S. Ct. 801 (1999); accord Aerotech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997); Trulis v. Barton, 107 F.3d 685, 692 (9th Cir. 1995); In re TCI Ltd., 769 F.2d 441, 448 (7th Cir. 1985); see also O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir. 1987) (holding that a district court's decision to award sanctions is entitled to "substantial deference"); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (reviewing an award of sanctions under Fed. R. Civ. P. 11 for an abuse of discretion). But see Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990) (reviewing de novo the court's legal conclusion that sanctions were warranted under section 1927). Although we will not substitute our judgment for the district court's, we must reverse if the court based its decision "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell, 496 U.S. at 405.

Section 1927 provides for sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Courts have interpreted this statute to warrant sanctions when attorney conduct, "'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Perkins, 911 F.2d at 36 (quoting Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)). Because section 1927 is penal in nature, it should be strictly construed so that it does not "dampen the legitimate zeal of an attorney in representing his client." Travelers, 38 F.3d at 1416; see also H.R. Conf. Rep. No. 96-1234, at 8 (1980), reprinted in 1980 U.S.C.C.A.N. 2716, 2781-82. "The imposition of sanctions is a serious matter and should be approached with circumspection." O'Connell, 812 F.2d at 395.

A district court must enter findings of fact in ruling on a motion for sanctions. See Williams v. Giant Eagle Mkts., Inc., 883 F.2d 1184, 1191 (3d Cir. 1989); Braley, 832 F.2d at 1513; Lewis v. Brown & Root, Inc., 722 F.2d 209, 210 (5th Cir. 1984). See also KPERS, 165 F.3d at 631; Trulis, 107 F.3d at 692; Walter, 840 F.2d at 436 (all implying that a district court must enter findings in support of a determination of

sanctions).  Findings ensure that the sanctions address the excess costs resulting from the misconduct, provide the sanctioned party an adequate opportunity to respond, and facilitate meaningful appellate review.  See Braley, 832 F.2d at 1513.

In imposing sanctions, the magistrate judge stated, "Based upon the files, records, and proceedings herein, . . . [Defendants'] motion is granted."  See Order of February 28, 1997, at 2.  The magistrate judge did not enter findings of fact or hold that Lyons & Associates had acted unreasonably and vexatiously.  Similarly, the district court's order stated only that "[t]he court has reviewed the record and proceedings below and finds no grounds to justify setting aside the Magistrate's order."  See Order of June 22, 1998, at 1.

We conclude that the magistrate judge's and the district court's comments do not provide us with an adequate basis for reviewing the determination that sanctions were warranted.  Nor do they inform Lyons & Associates of the conduct for which it is being sanctioned.  Indeed, it appears that Lyons & Associates was not counsel of record when some of the actions that Defendants complain of occurred.  See Appellee's Br. at 12-13.  The district court must identify the conduct that is sanctionable under section 1927 with specificity if the sanctions are to have any effect on the conduct of the sanctioned parties in the future and if we are to conduct a meaningful review of the appropriateness of those sanctions.  Accordingly, we vacate the sanctions award and remand to the district court for further proceedings consistent with this opinion.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.