Ralph MCMANUS, Plaintiff–Appellant
(00–2095/2447) Cross–Appellee (00–
2448),

v.

ST. JOSEPH HOSPITAL CORP., a Michigan Corporation, Defendant–Appellee (00–2095/2447) Cross–Appellant (00–2448).

Nos. 00–2095, 00–2447, 00–2448.

United States Court of Appeals,
Sixth Circuit.

Feb. 2, 2001.

* The Honorable John G. Heyburn, U.S. District Judge for the Western District of Kentucky, sitting by designation.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

The plaintiff appeals from the dismissal of his complaint and the award of attorney's fees and costs to the defendant pursuant to Fed.R.Civ.P. 11. The defendant cross-appeals. Now before the court is the defendant's motion to dismiss the plaintiff's appeals and the plaintiff's response in opposition.

The plaintiff obtained a state court judgment against the defendant in 1984. Subsequently, the state court abated post-judgment interest. The plaintiff then brought the instant action and argued that the abatement of interest was in violation of his constitutional rights. The defendant moved to dismiss the action and also asked for sanctions against the plaintiff and his attorney pursuant to Rule 11. The plaintiff moved for summary judgment. The district court entered an order on August 18, 2000 that dismissed the complaint for lack of subject matter jurisdiction. Within that order, the district court also denied the defendant's motion for Rule 11 sanctions. The defendant moved for reconsideration of the denial of sanctions. While that motion was still pending, the plaintiff filed a notice of appeal. (Case No. 00–2095).

Subsequently, the district court entered an opinion and order that granted the defendant's motion for sanctions. Therein, the court concluded that Rule 11 sanctions could be awarded despite the dismissal of the case. Further, after reviewing the history of the case, the court concluded that the plaintiff and his counsel should pay defendant's attorney's fees and costs of suit as a sanction. The court further ordered the defendant to submit documentation of its fees and costs to allow the court to assess a monetary sanction. The plaintiff filed a second notice of appeal from that order. (Case No. 00–2447). The defendant filed a cross-appeal. (Case No. 00–2448).

This court has jurisdiction in appeals from final decisions and orders of the district court. 28 U.S.C. § 1291. Within its motion to dismiss the plaintiff's appeals, the defendant argues that the district court has not yet entered a final judgment because the court has yet to determine the amount of fees and costs to be awarded. The plaintiff suggests that the dismissal of the complaint is itself a final judgment.

■ Normally, a pending motion for attorney fees does not prevent a judgment on the merits from being final. *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). However, this case presents a situation distinct from that in *Budinich*. Here, the district court denied the original motion for Rule 11 sanctions within its decision and order. On the defendant's motion, the court reconsidered its decision and held that fees and costs were an appropriate sanction. It did so on a post-judgment motion for reconsideration, and, as a result, an amendment of the prior judgment of dismissal is necessary. The instant case thus is one in which a final judgment has yet to be rendered. A judgment determining liability, but not the specific damages, is not immediately appealable. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S.

737, 744, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).

For the above reasons, the defendant's motion to dismiss the plaintiff's appeals hereby is GRANTED, without prejudice to the plaintiff's right to perfect a timely appeal on the district court's entry of a final judgment. Further, the defendant's cross-appeal is DISMISSED sua sponte, without prejudice to perfection of a later appeal if appropriate.