**Vayda S. RUSSELL, Plaintiff–Appellant,**

v.

**CITY OF FARMINGTON HILLS, et al., Defendants–Appellees.**

**No. 01–2212.**

United States Court of Appeals, Sixth Circuit.

April 29, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; SIMPSON, District Judge.*

Vayda S. Russell, proceeding pro se, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $500,000,000, Russell, a condominium owner, filed a purported class action suit against the City of Farmington Hills, Michigan, its City Tax Assessor, the Oakland County Tax Assessor, Italo–American Condominium Corp., Italo–American Master Builders, Antonino Di Federico, Mario Prezioso, Salvatore "Sam" Cottone, Resco, Inc., River Pines Community Association, and Fred Morris. Russell asserted in her vague and rambling complaint that: 1) the defendants con-

spired to violate her rights under the First Amendment and 42 U.S.C. § 1985; 2) the defendants committed a "breach of fiduciary duty & intentional violation of Part 31, Floodplain/EPA Act 451, PA 1994"; 3) the defendants violated her Fourteenth Amendment equal protection rights; 4) the defendants committed an "intentional violation of civil rights under Restatement § 2d Contracts, Restatement § 2d Torts"; and 5) the defendants inflicted "financial pain & suffering; & illegal tax assessments." A magistrate judge denied Russell's subsequent motions to certify the class and for sanctions. The magistrate judge also recommended denying Russell's motions for a default judgment and granting the defendants' motions to dismiss the complaint for failure to state a claim. The district court adopted the magistrate judge's recommendations and entered judgment in favor of the defendants on August 28, 2001. Following entry of the judgment and Russell's notice of appeal, the magistrate judge held a hearing on October 9, 2001, and ordered sanctions against Russell in an unspecified amount for falsely holding herself out to be an attorney in order to collect legal fees from the other condominium owners.

On appeal, Russell essentially argues that: 1) the court erred by not entering a default judgment against the City Tax Assessor, Italo–American Master Builders, Prezioso, Cottone, Resco, Inc., and River Pines Community Association; 2) the court erred by sanctioning her; and 3) the court erred by not sanctioning the defense attorneys. Russell requests sanctions against the defense attorneys for alleged improper behavior in the district court, and the defendants request sanctions in the form of

---

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

costs and attorney fees against Russell for filing a vexatious appeal.

■ As an initial matter, we note that the district court ruled on most, but not all, of the numerous motions for a default judgment and for sanctions. Nonetheless, the court of appeals has jurisdiction because relief on those motions was implicitly denied. *See Ford Motor Co. v. Transport Indem. Co.*, 795 F.2d 538, 543 (6th Cir. 1986).

We also note that Russell fails to reassert on appeal any of the substantive claims presented in her complaint. Issues raised in the district court, but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Thus, Russell's original five claims have not been reviewed.

■ Upon review, we conclude that the district court did not abuse its discretion by not entering a default judgment against the named appellees. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986). When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits. *Eitel*, 782 F.2d at 1472; *see also Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir.1990); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir.1986).

None of these factors weighed in favor of Russell: Russell failed to allege any prejudice suffered due to the delay in the filing of the answers; her claims, presented in a rambling complaint, were later rejected on the merits and she does not challenge that decision on appeal; the amount of money at stake, five hundred million dollars, was substantial; possible disputed material facts existed concerning the construction of the condominiums and taxation; and finally, Italo–American Builders and related appellees demonstrated excusable neglect as their runner had neglected to file the complaint as requested, *see United States v. Thompson*, 82 F.3d 700, 702 (6th Cir.1996).

■ We decline to review the district court's order of sanctions against Russell. Russell had not been sanctioned for a set amount at the time she filed her notice of appeal from the dismissal of her action on the merits. While a sanction award, as a final collateral order, may be appealed separately from the merits of the underlying action, this court lacks jurisdiction to review the award if the sanction had not been reduced to a sum certain by the time of the judgment. *See, e.g., Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 717 (8th Cir. 1999) (collecting cases).

We also decline to review the magistrate judge's order denying sanctions against the defendants. Russell does not reassert on appeal the allegations made in her motions for sanctions and has thus abandoned them. *See Kocsis*, 97 F.3d at 881. The allegations of sanctionable behavior which she does bring on appeal were not raised in the district court and thus may not be considered for the first time on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996).

Finally, we deny all requests for sanctions because none of the parties has filed a separate motion as required by Fed. R.App. P. 38.

Accordingly, all pending requests are denied, and the district court's judgment is

affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.