**Vayda S. RUSSELL, Plaintiff–Appellant,**

v.

**CITY OF FARMINGTON HILLS, et al., Defendants–Appellees.**

No. 02–1723.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

## ORDER

Vayda Russell, a Michigan resident proceeding pro se, appeals a district court order imposing sanctions against Russell, pursuant to Fed.R.Civ.P. 11, in this civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985. The State Bar of Michigan has filed a motion to file an amicus curiae brief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Russell, a condominium owner, filed a purported class action suit against the City of Farmington Hills, Michigan, its City Tax Assessor, the Oakland County Tax Assessor, Italo–American Condominium Corp., Italo–American Master Builders, Antonino Di Federico, Mario Prezioso, Salvatore "Sam" Cottone, Resco, Inc., River Pines Community Association, and Fred Morris. Russell asserted in her vague and rambling complaint that: 1) the defendants conspired to violate her rights under the First Amendment and 42 U.S.C. § 1985; 2) the defendants committed a "breach of fiduciary duty & intentional violation of Part 31, Floodplain/EPA Act 451, PA 1994;" 3) the defendants violated her Fourteenth Amendment equal protection rights; 4) the defendants committed an "intentional violation of civil rights under Restatement § 2d Contracts, Restatement § 2d Torts;" and 5) the defendants inflicted financial pain & suffering; & illegal tax assessments. A magistrate judge denied Russell's subsequent motions to certify the class and for sanctions. The magistrate judge also recommended denying Russell's motions for a default judgment and granting the defendants' motions to dismiss the complaint for failure to state a claim. The district court adopted the magistrate judge's recommendations and entered judgment in favor of the defendants on August 28, 2001. This court affirmed the district court's judgment. *See Russell v. City of Farmington Hills,* No. 01–2212, 2002 WL 818304, 34 Fed.Appx. 196 (6th Cir. Apr. 29, 2002) (unpublished order).

Following entry of the judgment and Russell's notice of appeal, the magistrate judge held a hearing on October 9, 2001, and recommended sanctions against Russell in the amount of $20,000 for falsely holding herself out to be an attorney in order to collect legal fees from the other condominium owners. The district court adopted the magistrate judge's report and recommendation over Russell's objections. This appeal followed.

This court reviews all aspects of a district court's decision to impose sanctions pursuant to Rule 11 for an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997). A district court has broad discretion in deciding the nature and extent of sanctions to impose under Rule 11. *See INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 401 (6th Cir.1987); *see also Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 376 (6th Cir.1996). Thus, this court's review of a Rule 11 sanction is particularly deferential, *see Cooter & Gell,* 496 U.S. at 400–05; a district court abuses its discretion only if its ruling is predicated on an erroneous interpretation of the law or a clearly erroneous assessment of the evidence. *See id.,* at 405. When considering the imposition of Fed.R.Civ.P. 11 sanctions, the court

should determine "'whether the individual's conduct was reasonable under the circumstances.'" *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

After carefully reviewing the record, we cannot say that the district court abused its discretion in imposing sanctions against Russell in the amount of $20,000. Russell clearly misrepresented her status as someone authorized to practice law in the State of Michigan. She also misrepresented to the claimants the status of the case in court. Russell's actions were knowing and voluntary, designed to defraud these individuals, and to obtain from them monies to which she was not entitled because she was not and is not authorized by law to represent them in any court.

Accordingly, the motion to file an amicus curiae brief is denied as moot, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.