ELECTRONIC CITATION:  2015 FED App.0001P (6th Cir.)
File Name:  15b0001p.06

No.  14-8046

BANKRUPTCY APPELLATE PANEL
OF THE SIXTH CIRCUIT

**FILED**

Jan 21, 2015
DEBORAH S. HUNT, Clerk

In re:  EARL  BENARD  BLASINGAME;   )
MARGARET GOOCH BLASINGAME,   )
                                                       )
        Debtors.                                  )
_____   )
                                                       )
CHURCH JOINT VENTURE, L.P.; FARMERS   )
& MERCHANTS BANK,                      )
                                                       )     O R D E R
        Plaintiffs-Appellees,              )
                                                       )
EDWARD L. MONTEDONICO, JR.,   )
                                                       )
        Plaintiff,                              )
                                                       )
        v.                                          )
                                                       )
EARL BENARD BLASINGAME, et al.,   )
                                                       )
        Defendants,                          )
                                                       )
MARTIN A. GRUSIN,                    )
                                                       )
        Appellant.                            )
                                                       )

Before:  HARRISON, HUMPHREY, and PRESTON, Bankruptcy Appellate Panel Judges.

1

I. Procedural History

On July 16, 2014, the bankruptcy court entered an order imposing sanctions against attorneys Tommy L. Fullen and Martin A. Grusin stemming from their representation of Debtors Earl and Margaret Blasingame in an adversary proceeding in which Church Joint Venture, a creditor, and the Trustee sought denial of debtors' discharge. The order stated: "The Court will enter an additional order directing Mr. Grusin to pay to Church Joint Venture and the Trustee additional amounts based upon the break out of fees and expenses that has been requested from Mr. Akerly and Mr. Ward." Order Granting Motions for Sanctions at 30, *Church Joint Venture, L.P. v. Blasingame*, Case No. 09-0482 (Bankr. W.D. Tenn. July 16, 2014) (ECF No. 528)[1].

On July 30, 2014, Mr. Grusin (the "Appellant") filed both a Notice of Appeal (ECF No. 533) and a Motion for Leave to Appeal (ECF No. 532) regarding the July 16, 2014 sanctions order.

On August 1, 2014, the bankruptcy court entered an Order Setting Amount of Additional Sanctions (ECF No. 531). On August 5, 2014, the bankruptcy court amended its August 1, 2014 order (ECF No. 541). These orders imposed additional monetary sanctions against Mr. Grusin pursuant to 28 U.S.C. § 1927 in the form of attorney fees and expenses incurred by the Chapter 7 Trustee and Church Joint Venture, L.P. in pursuing the underlying adversary proceeding.

On August 27, 2014, Appellees filed a Motion to Dismiss Appeal. (ECF No. 560; BAP ECF No. 9). Appellees assert that the July 16, 2014 order is not final and that cause does not exist to grant leave to appeal from an interlocutory order.

---

[1] References to the Bankruptcy Court docket in Adversary Proceeding Case No. 09-0482, will be referred to as ECF No. ___. References to the Bankruptcy Appellate Panel docket in Case No. 14-8046 will be referred to as BAP ECF No. ____.

On September 8, 2014 and September 9, 2014, Appellant filed amended motions for leave to appeal (ECF Nos. 568 & 571). On September 9, 2014, Appellant filed an Amended/Corrected Notice of Appeal (ECF No. 572). This document states that it appeals all three sanctions orders. The Amended/Corrected Notice of Appeal asserts that the original order sets out the grounds for the sanctions and the subsequent orders set and correct the amounts of those sanctions.[2]

On September 22, 2014, Appellees filed a Motion to Strike Amended/Corrected Notice of Appeal and Dismiss Appeal (BAP ECF No. 15). Appellees assert that Appellant has not timely perfected an appeal from the August 1, 2014 or August 5, 2014 orders.

## II. Jurisdictional Issues

In the motions to dismiss the appeal, Appellees assert that Appellant's Notice of Appeal (ECF No. 533) from the July 16, 2014 order is not effective because the July 16, 2014 order is not a final order. Appellees also assert that all of the motions for leave to appeal should be denied for lack of cause. Finally, Appellees assert that the Amended/Corrected Notice of Appeal (ECF No. 572) should be dismissed as untimely because it was filed more than 14 days after the entry of the orders appealed from, thus failing to appeal within the time allowed by Federal Rule of Bankruptcy Procedure 8002(a).

Appellant argues that his original Notice of Appeal (ECF No. 533) was sufficient to cover all the orders related to the sanctions issued against him, but that he filed an Amended/Corrected Notice of Appeal (ECF NO. 572) "out of an abundance of caution."

---

[2] The Amended/Corrected Notice of Appeal lists the orders appealed as Adv. D.E. #528, 537 and 551. The Panel notes that docket entry 551 on the adversary docket is actually the BNC certificate of mailing for docket entry 541, which is the Amended Order Setting Amounts of Additional Sanctions entered on August 5, 2014. The Panel finds that this is sufficient to alert Appellees and the Panel that Appellant is appealing from docket entry 541.

## III. Analysis

To determine whether it has jurisdiction over this appeal, the Panel must determine whether there is a final appealable order, and whether an effective notice of appeal was filed within the time allotted, or in the alternative, whether there was a timely motion for leave to appeal an interlocutory order and whether there are grounds to grant such a motion.

A party may bring an appeal as of right under 28 U.S.C. § 158(a)(1) from final judgments, orders and decrees of the bankruptcy court. A decision is considered final and appealable under § 158(a)(1) if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Orders limited to the issue of liability "are by their terms interlocutory . . . and where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' . . . ." *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976); *see Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) ("this court lacks jurisdiction to review the award if the sanction had not been reduced to a sum certain"); *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 717 (8th Cir. 1999) ("We have held that a district court order awarding sanctions is not final and appealable if it reserves the determination of the amount of the sanction."). The July 16, 2014 order imposed monetary sanctions under Bankruptcy Rule 9011 and required Messrs. Grusin and Fullen to attend continuing legal education programs, but left for another day the imposition of sanctions under 28 U.S.C. § 1927. Therefore, the July 16, 2014 sanction order was not final at the time of being entered. *See McManus v. St. Joseph Hosp. Corp.*, 3 F. App'x 379 (6th Cir. 2001); *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 843 (B.A.P. 6th Cir. 1998). The August 1, 2014 Order Setting Amount of Additional Sanctions (ECF No. 537) and August 5, 2014 Amended Order Setting

Amount of Additional Sanctions (ECF No. 541) set forth additional monetary sanctions to be imposed against Appellant. Because the August 1 and August 5 orders concluded the sanctions issue, those orders and the July 16 order became final for purposes of appeal upon being entered.

The next question the Panel must consider is whether a timely notice of appeal was filed from the final orders. Federal Rule of Civil Procedure 58, incorporated by Federal Rule of Bankruptcy Procedure 7058 in adversary proceedings, sets forth the requirement for triggering the starting date for determining the time allotted for an appeal.

> **(a) Separate Document.** Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
>> **(1)** for judgment under Rule 50(b);
>> **(2)** to amend or make additional findings under Rule 52(b);
>> **(3)** for attorney's fees under Rule 54;
>> **(4)** for a new trial, or to alter or amend the judgment, under Rule 59; or
>> **(5)** for relief under Rule 60.
> * * *
> **(c) Time of Entry.** For purposes of these rules, judgment is entered at the following times:
>> **(1)** if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or
>> **(2)** if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
>>> **(A)** it is set out in a separate document; or
>>> **(B)** 150 days have run from the entry in the civil docket.

Fed. R. Civ. P. 58.

To meet Rule 58, a document must be "separate from the supporting Memorandum Opinion; [] contain[] neither legal reasoning, citation to legal authority, nor other language to make the 'order into a combined decision and order.'" *Slovinec v. Am. Univ.*, 552 F. Supp. 2d 12, 13 n.1 (D.D.C. 2008) ( citation omitted). *See also Creaghe v. Albemarle Corp.*, 98 F. App'x 972, 973 (5th Cir. 2004) ("To be 'separate,' a judgment must be apart from any document detailing either the court's

factual findings or the legal basis of the court's ruling; it may not be part of a memorandum or opinion."); *Jimenez v. Kellogg's Co.*, 17 F. App'x 558, 559 (9th Cir. 2001) ("A separate document is a sheet containing the judgment, which is distinct from any opinion or memorandum.") (internal quotations and citation omitted).

The July 16, 2014 Order Awarding Sanctions (ECF No. 528) is a 30 page order, which explains the legal reasoning and factual basis for the imposition of sanctions against Appellant. The August 1, 2014 Order Setting Amount of Additional Sanctions (ECF No. 537) and August 5, 2014 Amended Order Setting Amount of Additional Sanctions (ECF No. 541) are shorter orders. Each are approximately three pages, containing five paragraphs. The orders note the procedural history regarding the prior order imposing sanctions, mention 28 U.S.C. § 1927 as the basis for fee shifting, find that the fees and expenses proposed are reasonable, and then order Appellant to pay those amounts. The orders also deny additional sanctions requested by Appellees. The two orders appear to be basically the same but for different amounts. The August 1, 2014 and August 5, 2014 orders comply with Federal Rule of Bankruptcy Procedure 9011(c)(3), which requires a sanctions order to "describe the conduct determined to be a violation of this rule and explain the basis of the sanction imposed." All three orders appealed in this case contain some amount of facts and legal reasoning. None of these orders meet the Rule 58 separate document requirement. Indeed, it seems unlikely that same order could comply with both Bankruptcy Rule 9011(c)(3) and Rule 58.

The Sixth Circuit has clearly articulated the reason for Rule 58.

As we observed in *Hooker v. Weathers,* "[t]he primary purpose of Rule 58 'is to enable a party to know when the court regards the case as closed and intends that no further action be taken, and thus to know when the time to appeal has commenced to run." ' 990 F.2d 913,914 (6th Cir.1993). Thus, " '[e]ntry' . . . occurs only when [pursuant to Rule 58] the essentials of a judgment or order are set forth in a written

document separate from the court's opinion and memorandum and when [pursuant to Rule 79] the substance of this separate document is reflected in an appropriate notation on the docket sheet . . . ." *Woods v. Wal-Mart,* 124 F.3d 219 (Table), 1997 WL 527668, 1* (10th Cir. 1997) (unpublished); *Diamond v. McKenzie,* 770 F.2d 225, 228 (D.C. Cir. 1985) (". . . two procedural requirements exist for entry of judgment, which triggers the running of the time for appeal: first, a statement of the judgment on a separate document, and second, the entry of judgment by the clerk on the civil docket.")

*Ladder Man, Inc. v. Manufacturer's Distribution Servs., Inc.*, 234 F.3d 1268 n.3, 2000 WL 1679439 (6th Cir. 2000) (table decision).

This rule was "intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385, 98 S. Ct. 1117, 55 L. Ed. 2d 357 (1978) (per curiam). The separate-document rule was thus designed to ensure finality, clarity, and efficiency.

*Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 543 (6th Cir. 2014). *See also Downie v. City of Middleburg Heights*, 301 F.3d 688, 701 n.3 (6th Cir. 2002) (concurring opinion) ("Like Rule 54(b), Rule 58 addresses a concern for an express and unmistakable determination of finality[.]").

The present case is illustrative of the purpose for the separate document rule. The bankruptcy court issued an order imposing some sanctions and stating that it intended to impose additional sanctions. Appellant quickly filed both a notice of appeal and a motion for leave to appeal from that order, attempting to protect his appellate rights. When the bankruptcy court entered additional orders further quantifying the amount, Appellant thought that he had already promulgated his appeal. Appellees filed responses seeking to dismiss the appeal asserting that the original Notice of Appeal

was untimely. Appellant then filed an Amended/Corrected Notice of Appeal. However, Appellees filed another motion to dismiss asserting that the Notice of Appeal from the first order was too early, and the Amended/Corrected Notice of Appeal was too late. If the bankruptcy court had entered a judgment following the August 1, 2014 or August 5, 2014 order, it may have clearly signaled to Appellant that the orders were final and the time for appeal had been triggered.

Although Appellant has not raised this issue, his lack of familiarity of Rule 58 does not cause him to forfeit the protection of the rule. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 225 (3d Cir. 2007) ("It is all too obvious from [Appellant's] pleadings that she was unaware she could avail herself of an additional 150 days because of the formal inadequacy of the February 17 Order. At most, she could have *forfeited* her right, . . . we decline to hold, however, that this court is deprived of jurisdiction over an appeal through a litigant's unknowing forfeiture of the additional time granted her by the Rules of Civil and Appellate Procedure, and find instead that [the] April 4 notice of appeal was timely."). A "mechanical application of Rule 58" is used to salvage the appealability of a case where it may have been unclear which document was the final judgment. *Long v. Coast Resorts, Inc.,* 267 F.3d 918, 922 (9th Cir. 2001); *see e.g., Radio Television Espanola S.A. v. New World Entm't Ltd.,* 183 F.3d 922, 930 (9th Cir. 1999); *Carter v. Beverly Hills Sav. & Loan Ass'n,* 884 F.2d 1186, 1189–91 (9th Cir. 1989); *Paddack v. Morris,* 783 F.2d 844, 846 (9th Cir. 1986).

The Sixth Circuit has indicated that it is a waste of judicial economy to remand a case for the entry of a separate order once an appeal is pending. *See Tesmer v. Granholm*, 333 F.3d 683, 704 (6th Cir. 2003) *rev'd and remanded sub nom. on other grounds Kowalski v. Tesmer*, 543 U.S. 125, 125 S. Ct. 564 (2004) (premature notice of appeal does not divest appellate court of jurisdiction when

Rule 58 separate document requirement not met.). Accordingly, the Panel finds that it is not necessary to remand this appeal to the bankruptcy court for entry of a judgment that comports with Rule 58.

Appellant's Amended/Corrected Notice of Appeal (ECF No. 572) was filed within the time provided by Rule 58. Prior to the 2002 Amendments, the lack of a separate document deprived the appellate court of jurisdiction over the appeal, but also meant that the running of the time to file an appeal was not triggered. Thus, a party had an indefinite amount of time to seek entry of a separate document and then file an appeal. The 2002 Amendments created a rule through which a judgment was deemed entered after 150 days even if the separate document requirement is not met. The deemed entry of a separate order would start the running of the time period to appeal. *See In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 240 (3d Cir. 2006). As applied in bankruptcy cases, if a separate order is not entered as required by the rule, the deadline to appeal is 164 days from the date a decision that would otherwise be final is entered. This deadline is calculated by adding the 150 days in Rule 58 to the 14 day appeal period provided by Bankruptcy Rule 8002(a). Since the Amended/Corrected Notice of Appeal was filed within the 164 day deadline, it is effective to confer jurisdiction over this appeal upon this Panel for all three orders appealed.

Appellant also filed several motions for leave to appeal (ECF Nos. 532, 568 and 571). In light of the Panel's finding that the August 1, 2014 and August 5, 2014 orders are final orders, and the Amended/Corrected Notice of Appeal is effective, the motions for leave to appeal are unnecessary. To the extent that Appellant was concerned about the existence of additional parties and pending causes of action causing the orders to be interlocutory pursuant to Rule 54(b), those issues are moot in light of the Panel's finding that the August 1, 2014 and August 5, 2014 sanctions

orders are separately appealable as final orders because they determined the appropriateness of sanctions but also imposed the sanctions. *See Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 993 (6th Cir. 2012); *Russell v. City of Farmington Hills*, 34 F. App'x 196 (6th Cir. Apr. 29, 2002) (a sanctions order reduced to a sum certain may be appealed separately from the merits of the litigation). The resolution of the sanctions issue will have no discernable impact on the discharge issue still pending.

Appellees' motions to dismiss and motion to strike are **DENIED**. The Panel has jurisdiction over this appeal because the amount of sanctions was set forth in a final order on August 1, 2014 and August 5, 2014 and the Appellant filed a notice of appeal during the time allowed pursuant to Rule 58 and Bankruptcy Rule 8002(a). Therefore, the Appellant's Amended/Corrected Notice of Appeal (ECF No. 572) is effective. The motions for leave to appeal are **DENIED** as unnecessary. This appeal will proceed on the merits. The clerk's office is instructed to issue a briefing schedule.

ENTERED BY ORDER OF THE PANEL

Deborah S. Hunt, Clerk