**Mark CREEKMORE,
Petitioner-Appellant,**

v.

**DISTRICT COURT OF the EIGHTH JUDICIAL DISTRICT OF the STATE OF MONTANA, In and For the COUNTY OF CASCADE, Respondent-Appellee.**

Nos. 83–4289, 83–4295.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 1984.

Decided Oct. 23, 1984.

Howard F. Strause, Great Falls, Mont., for petitioner-appellant.

Dorothy McCarter, Margaret M. Joyce Johnson, Asst. Attys. Gen., Helena, Mont., for respondent-appellee.

Before TANG, SCHROEDER and BEEZER, Circuit Judges.

SCHROEDER, Circuit Judge.

The district court granted Mark Creekmore's petition for a writ of habeas corpus on the ground that there had been a violation of his confrontation right under the sixth amendment. *Creekmore v. Dist. Ct. of Eighth Judicial Dist. of Montana*, 571 F.Supp. 992 (D.Mont.1983). The State appeals.

Creekmore was convicted of the crime of deceptive practices, a felony, on June 18, 1981, after a jury trial in the District Court for the Eighth Judicial District of the State of Montana. Creekmore received a three year sentence. His conviction was affirmed on appeal by the Montana Supreme Court. *State v. Creekmore*, 640 P.2d 439 (Mont.1982).

A principal witness for the State was Kathy Williams, an employee of the insurance company from which Creekmore endeavored to collect on the false claim. She testified that the defendant had stated that he had taken a polygraph test. The State explained that the evidence was relevant to proving defendant's deceptions, because the defendant had in fact refused to take a polygraph test. Williams also testified that she telephoned Detective Warrington, a police officer, who told her that the defendant had not taken the test.

On cross-examination Williams could not recall the defendant making any statement to her about taking the test. She stated that the statement may have been made to her supervisor. She was sure, however, that there had been a statement, because she had reviewed the notes of Detective Warrington; those notes reflected that she had told him about the polygraph test. The State then called Warrington, who testified that Williams had telephoned him to tell him of the defendant's statement about the polygraph test, and he had told Williams that the defendant had in fact not taken it.

The district court held that Williams' lapse of memory denied the defendant the opportunity to cross-examine the accuracy of Williams' recountal of the conversation they had had. It relied upon the theory, adopted by some courts, that when a witness is wholly unable to testify on direct examination by the state because of a claimed loss of memory, the state should not be permitted to introduce prior statements of the witness as substantive evidence because of the lack of the ability to cross-examine the witness at trial. *Cf. United States v. Palumbo*, 639 F.2d 123, 128 n. 6 (3d Cir.), *cert. denied*, 454 U.S. 819, 102 S.Ct. 100, 70 L.Ed.2d 90 (1981); *United States v. Classen*, 424 F.2d 494, 495 (6th Cir.1970); J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 801(d)(1)(A)[04] (1984) ("Prior statement should not be included ... if the witness genuinely cannot remember, and the period of amnesia or forgetfulness is crucial as regards the facts in issue."). *But see, e.g., United States ex rel. Thomas v. Cuyler*, 548 F.2d 460, 463 (3d Cir.1977); *cf. California v. Green*, 399 U.S. 149, 174, 90 S.Ct. 1930, 1943, 26 L.Ed.2d 489 (1970) (Harlan, J., concurring); E. Cleary, *McCormick on Evidence*, § 252 n. 2 (3d Ed.1984).

This court has not directly addressed such a situation, *Thomas v. Cardwell*, 626 F.2d 1375, 1385 n. 33 (9th Cir. 1980), *cert. denied*, 449 U.S. 1089, 101 S.Ct. 881, 66 L.Ed.2d 816 (1981), and this case does not present it. Here the witness testified fully on direct examination and was extensively cross-examined by the defend-

ant. The lapse of memory related only to one aspect of her testimony, and the jury learned of the lack of memory as a result of cross-examination itself. There is no basis for holding that the defendant was denied a right to cross-examine Williams. The goal of cross-examination is to expose flaws in a witness's memory, perception and narration. Fed.R.Evid. 801 advisory committee note; J. Weinstein & M. Berger, *supra* ¶ 800[01], at 800–11. Creekmore's cross-examination of Williams was thorough and effective; the uncovering of Williams' memory lapse bespeaks the effectiveness of the cross-examination.

■ Creekmore also argues that Montana's denial of his right to a speedy trial forms a basis for affirming the district court's issuance of a writ. There are four factors to be weighed in considering this claim: (1) length of delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *United States v. Saunders*, 641 F.2d 659, 665 (9th Cir.1980), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). Here, eleven months elapsed between Creekmore's arrest and trial. *See United States v. Rucker*, 464 F.2d 823 (D.C.Cir. 1972) (delay of more than a year creates a denial of speedy trial claim of "prima facie merit"). During that time, he was released on his own recognizance. The delay was caused by the government, but there has been no showing of conscious design or of intentional strategy by the prosecution. Significantly, Creekmore failed to establish any prejudice to his defense attributable to the delay. *Barker v. Wingo*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d 101; *United States v. Nance*, 666 F.2d 353, 361 (9th Cir.), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982). In balancing the factors, we do not find that a constitutional violation has occurred.

■ We have also considered the state's argument that the petition should have been dismissed because Creekmore failed to exhaust his confrontation clause claim.

Creekmore noted the claim in his brief to the Montana Supreme Court and argued it extensively in his petition for rehearing. The district court, in denying the State's motion for rehearing, properly ruled that the Montana Supreme Court had an adequate opportunity to consider the claim so that the exhaustion requirement was met as to it. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The only claim which may have been subject to attack for failure to exhaust has been withdrawn and hence does not defeat federal court consideration of the other claims. *See Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050 (6th Cir.1983) (failure to exhaust frivolous claim does not bar consideration of petitioner's other claims and court treated claim as stricken), *cert. denied*, —— U.S. ——, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984).

Reversed and remanded with instructions to deny the petition.