**J. Louis CORRIGAN, Jr.,**
**Plaintiff–Appellant,**

v.

**Sonny BARGALA, Frank Miller,**
**Defendants–Appellees.**

J. Louis Corrigan, in Propria Persona, Auburn, Washington, plaintiff-appellant.

No. 96–36254.

United States Court of Appeals, Ninth Circuit.

Submitted March 2, 1998.*

Decided March 31, 1998.

J. Louis Corrigan, in Propria Persona, Auburn, Washington, plaintiff-appellant.

Karen D. Allston, Muckleshoot Indian Tribe, Auburn, Washington, for the defendant-appellee.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

Before: ALARCON, HAWKINS, Circuit Judges, and BREWSTER,** District Judge.

ALARCON, Senior Circuit Judge:

John L. Corrigan, Jr., ("Corrigan") appeals pro se from the district court's denial of his motion to extend time to appeal from the order dismissing his complaint, and from the denial of his motion for reconsideration of that order. Corrigan contends that his motion to extend the time to file an appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure should have been granted because his failure to notify the proper court of a change in his address constituted "excusable neglect." Corrigan further contends that the district court should have remanded back to state court instead of dismissing his action because it lacked jurisdiction.

We do not reach these questions because the clerk failed to enter a separate judgment on the order dismissing Corrigan's complaint, as required by Rule 58 of the Federal Rules of Civil Procedure. The district court lacked the authority to consider the merits of Corrigan's motion to extend the time to appeal. The time to file a notice of appeal does not begin until the clerk has entered a judgment that complies with the requirements of Rule 58. Therefore, we must vacate the orders denying Corrigan's motion to extend time to appeal and subsequent motion for reconsideration.

I

PERTINENT PROCEDURAL HISTORY

Acting as his own lawyer, Corrigan filed a civil rights action on February 26, 1996, in the Superior Court of the State of Washington, for the County of King ("state court") pursuant to 42 U.S.C. § 1983, against Sonny Bargala ("Bargala") in his official capacity as the Muckleshoot Indian Gaming Commissioner. On April 26, 1996, Bargala filed a notice of removal of the action under 28 U.S.C. § 1441(b), to the United States District Court for the Western District of Washington.

On May 28, 1996, Corrigan notified the state court of a change in his address. He did not file a similar notice in the district court as required by Local Rule 10(f) of the Western District of Washington.[1] On June 7, 1996, Bargala filed a motion to dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. On June 19, 1996, Corrigan mailed his response to the motion to dismiss to the office of the clerk of the district court. The certificate of service listed Corrigan's new address.

On July 12, 1996, the court issued a two-page written order granting Bargala's motion to dismiss. The court ruled that because Bargala was acting within the scope of his authority as a tribal official, he was entitled to protection from civil action under the doctrine of sovereign immunity. The clerk mailed notice of the order to Corrigan's former address. As a result, Corrigan was not aware that his action had been dismissed until September 5, 1996, after expiration of the 30-day period to file a timely appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure.

On September 10, 1996, Corrigan filed a pro se motion styled as "Plaintiff's Motion for Relief From Order." The court interpreted this document as a motion to extend the period of time to file a notice of appeal under Rule 4(a)(5)[2] of the Federal Rules of Appellate Procedure. The district court dismissed the motion on September 20, 1996. The court concluded that Corrigan did not receive notice of the July 12, 1996 order because he

---

** Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation.

1. Rule 10(f) provides in pertinent part:

Any attorney representing a party or any party not represented by an attorney must notify the court, by praecipe, of any change in address or telephone number. Such notice must be re-ceived by the clerk's office within ten days of the change.

2. Rule 4(a)(5) states:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

failed to comply with Local Rule 10(f). The court determined that Corrigan's negligence did not amount to "excusable neglect" under Rule 4(a)(5).

On September 30, 1996, Corrigan submitted a second motion requesting reconsideration of the previous order. It was denied on October 23, 1996.

On November 20, 1996, Corrigan filed a timely notice of appeal from the denial of his motion to extend the time to file an appeal from the dismissal of his action and his motion for reconsideration.[3]

Corrigan did not file a notice of appeal from the July 12, 1996 order dismissing his cause of action because he believed the time to file an appeal had expired. On December 23, 1996, this court's appellate commissioner filed a briefing order which limited the scope of this appeal to a review of the two orders denying Corrigan's motion to extend the time to file an appeal and his motion for reconsideration. In compliance with the appellate commissioner's order, the parties' briefs focused on the question whether the district court properly ruled that Corrigan's failure to notify the district court of his change of address did not amount to excusable neglect.

In examining the docket in this matter, we were unable to find an entry showing that the district court's clerk had entered a separate judgment following the July 12, 1996 order dismissing this action for lack of subject matter jurisdiction. On February 13, 1998, we filed an order requesting that the parties file supplemental briefs informing the court whether a separate judgment had been entered in accordance with Rule 58, and, if not, whether the time for filing a notice of appeal has begun to run in this matter.

Both parties have informed this court that the clerk has not entered a separate judgment in this matter as required by Rule 58 and Rule 79(a) of the Federal Rules of Civil Procedure. Corrigan now requests that we vacate the district court's order denying his motion to extend the time for filing a notice of appeal to permit the clerk to file a separate judgment reflecting the July 12, 1996 order dismissing this action. In his supplemental brief, Bargala argues that "[t]he time for filing a notice of appeal from the Order granting dismissal of this case began on July 12, 1996."

We must decide whether the time for filing a notice of appeal had expired prior to September 10, 1996. If the time for filing a notice of appeal expired prior to that date, the district court properly considered Corrigan's motion. If, however, the time to file a notice of appeal did not expire prior to September 10, 1996, the district court had no jurisdiction to decide the motion under Rule 4(a)(5). Fed. R.App. P. If the court was without jurisdiction, its opinion that Corrigan failed to demonstrate excusable neglect pursuant to Rule 4(a)(5) is advisory and must be set aside.

II

## REQUIREMENT OF A SEPARATE JUDGMENT

In his pro se motion for relief from the July 12, 1996 order granting Bargala's motion to dismiss, Corrigan stated that "[p]laintiff Corrigan would like to appeal this order but the time for doing so has expired." In denying the motion, the district court noted that Corrigan acknowledged that he missed the deadline for filing a notice of appeal from the dismissal of this action. Corrigan's concession that the time for appeal had expired was based on the mistaken belief that judgment had been entered against him. As we explain below, the time for filing the notice of appeal had not begun because the clerk failed to enter the judgment.

Rule 58 states that "[a] judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. Rule 79(a) requires the clerk to enter the judgment of the court in the civil docket. Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days *after the entry of the judg-*

---

**3.** The grant or denial of an extension of time to appeal is appealable pursuant to 28 U.S.C.

§ 1291. *See Diamond v. U.S. Dist. Ct. for the Cent. Dist. of Cal.* 661 F.2d 1198 (9th Cir.1981).

*ment* or order appealed from." (emphasis added).

■ The time for filing a notice of appeal does not begin to run until judgment is entered in compliance with Rule 58 and Rule 79(a). *See Vernon v. Heckler,* 811 F.2d 1274, 1276 (9th Cir.1987) ("A judgment or order is not entered within the meaning of Rule 4(a) unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.... Absent compliance with these requirements a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed. R.App. P. 4(a)".) (citations and quotations omitted). *See also Allah v. Superior Court of State of Cal.,* 871 F.2d 887, 890 (9th Cir.1989) ("The period for filing a notice of appeal begins upon "entry" of the judgment or order appealed from.") (citations omitted).

In *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam) the Supreme Court instructed that the requirements of Rule 58 "must be mechanically applied in order to avoid new uncertainties as to the date in which judgment is entered." *Id.* at 222, 93 S.Ct. at 1565. "Our circuit has held fast to a mechanical application of the 'separate judgment' rule, requiring all formalities to be observed." *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1218 (9th Cir.1990).

In *Vernon v. Heckler,* we held that the entry of an order in the civil docket outlining the facts, law, and legal analysis is not sufficient to satisfy the requirement of Rule 58 that a separate document be filed by the clerk setting forth the judgment. *See id.* at 1276. Thus, the filing of the court's two-page order in this matter did not comply with Rule 58.

■ Relying on the Supreme Court's decision in *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), Bargala contends that Corrigan has waived the separate judgment requirement of Rule 58 because of his mistaken notion that the time for appeal had expired. Bargala's reliance on *Mallis* is misplaced. In *Mallis,* the appellant filed a notice of appeal from the "combined opinion and order of the District

Court" dismissing his action within the time allowed by Rule 4(a)(1). *Id.* at 382, n. 1, 98 S.Ct. at 1119, n. 1. A separate judgment was not filed by the clerk pursuant to Rule 58. On appeal, both parties filed briefs discussing the merits based "on the assumption that there was an adjudication of dismissal." *Id.* (citations and quotations omitted).

In *Mallis,* the Supreme Court held that the court of appeals had appellate jurisdiction to consider the merits of the appeal notwithstanding the fact that a separate judgment had not been entered. *See id.* at 384, 98 S.Ct. at 1119–20. The Court held that the separate judgment requirement may be waived. *See id.* at 384–88, 98 S.Ct. at 1119–22. The Court concluded that "if the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, 'there would appear to be no point in obliging appellant to undergo the formality of obtaining a formal judgment'." *Id.* at 386, 98 S.Ct. at 1120–21 (quoting 9 J. Moore, Federal Practice ¶ 110.08[2], 120 n. 7 (1970)).

In this matter, unlike the situation in *Mallis,* Corrigan did not file a notice of appeal seeking review of the merits of the dismissal of this action because he believed that the time to do so pursuant to Rule 4(a)(1) had expired. Instead, he mistakenly assumed that he had received notice of the entry of the *judgment* after the time to file a notice of appeal. The Court instructed in *Mallis* that the separate-document rule "should be interpreted to *prevent* loss of the right of appeal, not to facilitate [it]." *Id.* at 386, 98 S.Ct. at 1121. (emphasis added) (quotations omitted). Construing Corrigan's motion to extend the time to file a notice of appeal as a waiver of the requirements of Rule 58 would facilitate the loss of his right to appeal the merits of the dismissal of his action in clear violation of the Court's instruction in *Mallis. See Clough v. Rush,* 959 F.2d 182, 186 (10th Cir.1992) (waiver of a Rule 58 judgment may not be used to defeat appellate jurisdiction); *Reid v. White Motor Corp.,* 886 F.2d 1462, 1466–67 (6th Cir.1989); *Armstrong v. Ahitow,* 36 F.3d 574, 575 (7th Cir.1994) (the requirement of a Rule 58 judgment cannot be

waived if it would defeat appellate jurisdiction).

We hold that the time for an appeal of the July 12, 1996 order has not begun because the clerk failed to enter a separate judgment as required by Rule 58 of the Federal Rules of Civil Procedure. The district court's order refusing to extend the time for filing a notice of appeal because of Corrigan's failure to demonstrate excusable neglect was in excess of its jurisdiction.[4] Accordingly, we REVERSE the order denying Corrigan leave to file a notice of appeal, and REMAND with directions that the clerk be ordered to file a separate document reflecting the July 12, 1996 order as compelled by Rule 58.

---

4. We express no view as to the merits of the   dismissal of this action.