248 F.3d 892 (9th Cir. 2001)
 AMERICAN IRONWORKS & ERECTORS INC., a Washington corporation, by the United States for the use and benefit of; HARRY JOHNSON PLUMBING & EXCAVATING CO., INC, a Washington corporation; E&E ACOUSTIC
II INC/COMMERCIAL CONSTRUCTORS INC, a joint venture of an Oregon corporation and an Idaho corporation, Plaintiffs-Appellees,
v.
NORTH AMERICAN CONSTRUCTION CORPORATION, a Texas corporation doing business in Washington, Defendant,
and
FEDERAL INSURANCE COMPANY, a compensated surety from New Jersey doing business in Washington; NORTH AMERICAN MECHANICAL SERVICES CORP, a Texas corporation and doing business in Washington dba North American Construction Corporation; Defendants-Appellants,
MIKKELBORG, BROZ, WELLS & FRYER, PLLC, ("Mikkelborg Firm"), Defendant-Appellee.
 No. 99-35379
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted January 9, 2001
Filed April 26, 2001
 
 Todd M. Lonergan, Coats, Rose, Yale, Ryman & Lee, Houston; David R. Trachtenberg, Groff & Murphy, PLLC, Seattle, Washington, for appellant Federal Insurance Company.
 Mitchell A. Broz, Mikkelborg, Broz, Wells & Fryer, PLLC, Seattle, Washington, for appellee Mikkelborg, Broz, Wells & Fryer.
 Appeal from the United States District Court for the Eastern District of Washington Fred L. Van Sickle, District Judge, Presiding. D.C. No. CV-95-00099-FVS.
 Before: M. Margaret McKeown, William A. Fletcher, and Johnnie B. Rawlinson, Circuit Judges.
 OPINION
 McKEOWN, Circuit Judge:
 
 
 1
 This case requires us to decide whether an entry of judgment triggers the notice of appeal period for a prior interlocutory order granting, but not disbursing, attorney's fees. We conclude that it does.
 
 BACKGROUND
 
 2
 This litigation began in 1995 as a claim brought by subcontractors for payment for work completed on federal public works projects under the Miller Act, 40 U.S.C. 270a et seq. Defendant North American Mechanical Services Corporation and its surety, Federal Insurance Company, were represented by Tyler, Cooper & Alcorn of New Haven, Connecticut. Mitchell Broz of Mikkelborg, Broz, Wells & Fryer ("the Mikkelborg firm") represented Federal and North American as local counsel in Washington pursuant to Local Rule E.D. Wash. 83.2(c).[1] North American's arrangement with Federal required North American to provide a defense for both parties in the Miller Act case.
 
 
 3
 Beginning in 1997, the Mikkelborg firm corresponded directly with North American and its national counsel concerning payment of fees. Although some payments were made, the demand letters were, by and large, met with silence. In the spring of 1998, it became evident to all parties that North American faced cash flow problems. The Mikkelborg firm expressed continued concern about the unpaid fees and, in a series of unanswered letters, the firm embarked on a campaign to collect its fees. About the same time, a conflict arose over North American and Federal being represented by a single lead counsel. The court granted separate counsel permission to appear pro hac vice on behalf of Federal. Late that summer, North American offered to pay $ 10,000 immediately and $ 10,000 after the case settled, with Federal picking up all fees incurred after May 1, 1998. The Mikkelborg firm declined the offer, apparently because it believed that North American was on the brink of insolvency.
 
 
 4
 These events prompted the Mikkelborg firm to file a motion to withdraw, asking the district court to condition the substitution of local counsel on the payment of outstanding fees. The firm argued that it had been constructively discharged when neither North American nor Federal responded to fee inquiries and then took steps to substitute counsel. North American and Federal opposed the withdrawal and fee request on the grounds that the firm was withdrawing unilaterally and without good cause.
 
 
 5
 On October 19, 1998, the district court issued an order allowing the Mikkelborg firm to withdraw and permitting substitution of local counsel on the condition that Federal and North American pay outstanding attorney's fees in the amount of $ 21,413.98. The court noted, however, that it did not want "to frustrate settlement by delaying substitution of new local counsel." Thus, substitution was allowed but it was conditioned on security for payment of fees. In order to preserve rights on appeal, the court offered three options for payment of fees: (1) payment into the registry of the court; (2) payment to a third party agreed upon by the Mikkelborg firm; or (3) delivery of a bond to the District Court Executive. Federal chose to pay the money into the court registry.
 
 
 6
 Soon after deposit of the fees, the parties successfully mediated all claims. On December 1, 1998, the court entered an Order re Mediator's Award that outlined the mediation history and settlement terms. At the same time, the court entered a separate Judgment in a Civil Case against North American and Federal in the amount of $ 250,000. They did not appeal the judgment.
 
 
 7
 On March 8, 1999, the Mikkelborg firm moved the court to disburse the moneys from the court's registry. In response, North American and Federal filed an opposition, a cross-motion to withdraw and reverse the October 1998 order, and a notice of appeal. On May 28, 1999, the district court issued an order disbursing the fees to the Mikkelborg firm and denied the cross motion as untimely under Federal Rule of Civil Procedure 60(b) and unjustified by extraordinary circumstances. North American and Federal then filed an amended notice of appeal on June 7, 1999.[2] The district court has not entered any judgments since December 1, 1998.
 
 DISCUSSION
 
 8
 Our first order of business is to sort out the legal status of the district court's various orders and the two notices of appeal. Although the Mikkelborg firm argues that the October 1998 order awarding fees was a final appealable order, we do not agree. That order was an interlocutory order that was merged into the final December 1998 judgment. As such, the appeal period began to run on December 1, 1998. Federal filed its first notice of appeal on April 6, 1999 -- five months after the district court's order on fees and four months after the district court entered judgment on the underlying claims. We conclude that Federal's first notice of appeal was untimely.
 
 
 9
 Federal's argument that the only final order as to fees was the May 28, 1999 order and that no final judgment was entered is not well taken. The May 28, 1999 order disbursing the funds was not a final order for the purposes of the timeliness of appeal, but simply a housekeeping order to execute the court's prior order on fees. The portion of the order denying the challenge to the disbursal order is properly characterized as a denial of an untimely Rule 60(b) motion. As such, Federal's second notice of appeal, filed on June 7, 1999, is timely only as to the order denying the Rule 60(b) motion. Our rationale for this holding follows.
 
 I. THE JUDGMENT AND NOTICES OF APPEAL
 
 10
 Because we "ordinarily have jurisdiction over appeals from 'final decisions of the district courts, '" Cunningham v. Hamilton County, 527 U.S. 198, 200, 144 L. Ed. 2d 184, 119 S. Ct. 1915 (1999) (quoting 28 U.S.C. 1291), the question is which district court order ended the litigation and resulted in a final appealable order. Turning first to the district court's October 19, 1998 order on fees, it takes little analysis to conclude that the order fully resolved the fees issue but not the underlying Miller Act claims. The order addressed only two subjects: the Mikkelborg firm's request to withdraw and payment of the firm's fees before substitution of new local counsel. The order makes no mention of the merits of the claims, and it is not final because it does not "end the litigation on the merits and leave nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 89 L. Ed. 911, 65 S. Ct. 631 (1945). Resolving the attorney's fee and substitution of counsel issues neither ended the litigation nor left the court simply to execute the judgment.
 
 
 11
 This conclusion is reinforced by the Supreme Court's recent decision in Cunningham, where the Court addressed the appealability of an interlocutory order imposing sanctions on an attorney under Federal Rule of Civil Procedure 37(a). The Cunningham court held that a sanctions order is not a final appealable order, nor is it appealable under the collateral order doctrine. 527 U.S. at 210. Although there are differences between sanctions under Rule 37(a) and substitution of counsel conditioned on payment of fees, the parallel considerations convince us that the Cunningham rationale applies here. Like Rule 37(a) sanctions, the present situation invokes concerns regarding finality, avoiding piecemeal appeals, and availability of effective appellate review. Therefore, like an interlocutory order imposing Rule 37(a) sanctions, an interlocutory order granting attorney's fees as a condition of substituting counsel is not immediately appealable.
 
 
 12
 The next issue is whether the December 1, 1998 judgment merged all prior interlocutory orders for the purposes of filing a notice of appeal or whether the October 19, 1998 order required a separate entry of judgment. An interlocutory order becomes appealable when final judgment is entered. The Supreme Court has explained the importance of the final judgment rule:
 
 
 13
 It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment."
 
 
 14
 Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 66 L. Ed. 2d 571, 101 S. Ct. 669 (1981) (alteration in original) (quoting Cobbledick v. United States, 309 U.S. 323, 325, 84 L. Ed. 783, 60 S. Ct. 540 (1940)); accord Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868, 128 L. Ed. 2d 842, 114 S. Ct. 1992 (1994) (holding that "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated").
 
 
 15
 A necessary corollary to the final judgment rule is that a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment. See Worldwide Church of God v. Philadelphia Church of God, Inc., 227 F.3d 1110, 1114 (9th Cir. 2000) (noting that prior interlocutory orders are "merged into final judgment"); Munoz v. Small Business Administration, 644 F.2d 1361, 1364 (9th Cir. 1981) (noting that "an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment").
 
 
 16
 In the present case, the December 1, 1998 judgment was the final judgment in the case; it is therefore effective as to all interlocutory orders. The judgment, which was separate from the Order re Mediator's Award and was separately entered on the court's civil docket, meets the separate document requirement of Federal Rule of Civil Procedure 58, which the Ninth Circuit strictly construes. See Corrigan v. Bargala, 140 F.3d 815, 818 (9th Cir. 1998). No separate document or judgment was required with respect to the October 19, 1998 order. Indeed, North American and Federal were well aware from their participation in the settlement discussions that the final judgment entered on December 1, 1998 terminated the substantive claims in the litigation. The first notice of appeal,[3] which was not filed until April 6, 1999 -- four months after the judgment -- was therefore untimely under Federal Rule of Appellate Procedure 4(a), which requires filing a notice of appeal within thirty days of entry of judgment.
 
 
 17
 After entry of judgment, the only remaining action item was disbursal of funds from the court registry. A mere ministerial order, such as an order executing a judgment or, in this case, an order to disburse funds from the court registry, is not a final appealable order.[4] See Powell v. Georgia-Pacific Corp., 90 F.3d 283, 284 (8th Cir. 1996) (reasoning that "the disbursement order . . . is merely a 'housekeeping' order" and "because the disbursement order is not a final one," the court lacks jurisdiction to hear an appeal from it under 28 U.S.C. 1291). Cf. Goodwin v. United States, 67 F.3d 149, 151 (8th Cir. 1995) (holding that an order in which the court decides the principal issue and directs calculation and payment of a tax refund -- a ministerial task -- is an appealable final judgment).
 
 
 18
 North American and Federal filed the second or amended notice of appeal on June 7, 1999, shortly after the district court's May 28, 1999 order disbursing funds and denying the motion for reconsideration. The May 28 order specifically noted that there were no further decisions to be made on the merits of the fee issue; as to fees, the first paragraph of the order simply directed disbursal of the funds from the court registry -- a non-final, non-appealable order. The May 28 order also fully resolved the motion seeking reconsideration of the October 19, 1998 order. Therefore, the June 7, 1999 notice of appeal was timely as to that portion of the order.
 
 II. THE RULE 60(B ) MOTION
 
 19
 The filings by North American and Federal on March 18, 1999, asked the district court to withdraw its October 19, 1998 order and disburse the money in the court registry to Federal. The district court correctly construed these filings (one opposition and one motion) as a request for reconsideration or relief from judgment.
 
 
 20
 As the district court noted, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment. See United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. The motion here was filed well past ten days after the judgment, so it is properly construed as a Rule 60(b) motion.
 
 
 21
 The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b).
 
 
 22
 Federal and North American failed to advance any argument before the district court that might conceivably fall within any of the enumerated factors under Rule 60(b); rather, Federal merely restated its argument that only North American, not Federal, had any obligation to pay attorney's fees to the Mikkelborg firm. The district court noted that only the "catch-all provision," Rule 60(b)(6), even" comes close" in terms of applicability, but concluded that "North American and Federal have presented no justification for failing to file a timely motion for reconsideration or a timely notice of appeal. Consequently, their motion for the return of their funds will be denied and Mikkelborg's motion for disbursement of the funds will be granted." Because North American and Federal simply reargued their case and offered no basis for withdrawal of the October 19, 1998 order, the district court did not abuse its discretion in denying the motion. See Pasatiempo v. Aizawa, 103 F.3d 796, 801 (9th Cir. 1996) (denial of a motion for relief under Rule 60(b) will not be reversed absent an abuse of discretion).
 
 CONCLUSION
 
 23
 This appeal is dismissed as untimely insofar as it challenges the October 19, 1998 order and the December 1, 1998 judgment. Because we are without jurisdiction, we dismiss the appeal of the portion of the May 28, 1999 order disbursing fees. The portion of the May 28, 1999 order denying the Rule 60(b) motion is affirmed. The Mikkelborg firm's motion for fees and costs on appeal is denied; each party shall pay its costs on appeal.
 
 
 24
 AFFIRMED in part and DISMISSED in part.
 
 
 
 Notes:
 
 
 [1]
 The rule requires an attorney who is admitted for a particular case pro hac vice to associate an attorney who is admitted to practice in the court and who has an office in Washington.
 
 
 [2]
 North American has filed nothing in this court and therefore has abandoned its appeal. Only Federal filed briefs and appeared for oral argument.
 
 
 [3]
 This notice of appeal does not refer to either the October 1998 or December 1998 orders. Instead, it purports to appeal prematurely the court's not-yet-entered disbursement order.
 
 
 [4]
 Efforts by North American and Federal to circumvent the reality of this order can be seen in their proposed order (not adopted by the court) which is captioned "Final Judgment Regarding Disbursement of Funds Held in Court's Registry."