Linda **ROLLINS,** Plaintiff-Appellant,

v.

**PRUDENTIAL INSURANCE COMPANY OF NORTH AMERICA; Prudential Insurance and Financial Services,** Defendants-Appellees.

No. 99–56834.

D.C. No. CV–96–05076–JSL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2001.

Decided May 18, 2001.

Before BOOCHEVER and SILVERMAN, Circuit Judges, and GEORGE,* District Judge.

MEMORANDUM **

Plaintiff Linda Rollins ("Rollins") appeals the district court's denial of her motion to vacate an arbitration award issued in favor of Defendants Prudential Insurance Company of North America, and Prudential Insurance and Financial Services ("Prudential"). As the parties are familiar with the facts, we do not recite them here.

■■■ As an initial matter, Prudential argues that Rollins failed to file a timely notice of appeal and, therefore, this court lacks appellate jurisdiction. We disagree. The district court did not enter a separate judgment as required by Federal Rule of Civil Procedure 58. When there is no entry of a separate judgment, the time for

appeal never begins to run and, therefore, the appeal cannot be untimely. *Corrigan v. Bargala,* 140 F.3d 815, 818 (9th Cir. 1998); *McCalden v. Cal. Library Ass'n,* 955 F.2d 1214, 1219 (9th Cir.1992). The absence of a separate judgment does not stand as an obstacle to our exercise of jurisdiction. *See McCalden,* 955 F.2d at 1218 n. 2; *Corrigan,* 140 F.3d at 818. Accordingly, we have jurisdiction over Rollins' appeal.

■■■ On the merits, Rollins argues that the district court erred in denying her motion to vacate the arbitration award. A district court's decision denying vacatur is reviewed de novo. *LaPine Technical Corp. v. Kyocera Corp.,* 130 F.3d 884, 887 (9th Cir.1997). Courts are highly deferential to arbitrators' decisions and will not set them aside unless they evidence a manifest disregard for the law. *Todd Shipyards Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056, 1060 (9th Cir.1991); *Sprewell v. Golden State Warriors,* 231 F.3d 520, 525 (9th Cir.2000) (judicial scrutiny of arbitrator's decision "is extremely limited") (quotation marks omitted).

Rollins contends that vacatur is justified because the arbitrators "so imperfectly" executed their powers "that a mutual, final, and definite award upon the subject matter submitted was not made." *See* 9 U.S.C. 10(a)(4). Specifically, she argues that the arbitrators failed to make a ruling with respect to her claim under the Family Medical Leave Act, 29 U.S.C. § § 2601–2654 ("FMLA").[1] She bases this argument on an ambiguity in the arbitration

---

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. In her appellate briefs, Rollins states that she also submitted a parallel state law claim under the California Family Rights Act, Cal. Gov.Code § § 12945.1–12945.2. The parallel state claim rises and falls with the FMLA claim and, therefore, does not require any separate analysis.

award. The "Award" section of this document states, "All Claimant's claims are denied in their entirety." In full, this section provides:

### AWARD

After considering the pleadings, the testimony, and the evidence presented at the hearing, the undersigned arbitrators have decided in full and final resolution of the issues submitted for determination as follows:

1. All Claimant's claims are denied in their entirety.
2. Each party shall bear their respective costs, including attorney's fees.

The "Case Summary" section of this document, however, does not list Rollins' FMLA claim. That section provides in relevant part:

### CASE SUMMARY

Claimant alleged Respondents: (1) violated the Age Discrimination in Employment Act (ADEA), (2) violated the Fair Employment and Housing Act (FEHA), (3) violated the Covenant of Good Faith and Fair Dealing, and (4) committed conversion regarding the dismissal of Claimant from their employment.

■ Rollins argues that, although the "Award" section explicitly denied all her claims, the "Case Summary" section did not list her FMLA claim and, therefore, the arbitrators did not in fact reach the merits of this claim. To warrant a vacatur of the award on this basis, Rollins at least must demonstrate that the ambiguity in the award is "substantial." *See Employers Ins. of Wausau v. Nat. Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1488 (9th Cir.1991) ("[T]o merit vacatur, the ambiguity must be *substantial* and adversely affect a party's ability to understand or comply with the award.") (Emphasis added).

While the award on its face may be ambiguous, the context in which the award was issued makes clear that the arbitrators considered and rejected Rollins' FMLA claim. Rollins raised the FMLA claim in her initial filing before the arbitration panel. Both parties addressed the same in their arbitration briefs. The arbitrators permitted both parties to introduce expert testimony on the FMLA claim. (In fact, Rollins emphasizes that neither party presented expert testimony on any other matter besides the FMLA claim.) Rollins specifically addressed this claim during her closing argument. Neither party suggested that the FMLA claim should not be submitted for arbitration.

■ Considering these facts, combined with the clear statement that "All Claimant's claims are denied in their entirety" and that "the undersigned arbitrators have decided in full and final resolution of the issues submitted for determination," it seems clear that the arbitrators considered and denied all of Rollins' claims, including her FMLA claim. *See Remmey v. Paine-Webber, Inc.*, 32 F.3d 143, 150–51 (4th Cir.1994) (vacatur not warranted when arbitration order denies all claims but omits specific claim from list in "Case Summary"). Accordingly, we conclude that the arbitrators' failure to list the FMLA claim specifically in the "Case Summary" does not create a substantial ambiguity concerning the disposition of submitted claims and, therefore, does not justify vacating the arbitration award.

Rollins also contends that the district court's subsequent order denying her motion to confirm the award nullifies the order denying her motion to vacate the award. Because the district court refused to confirm the award, Rollins argues that she is entitled to a jury trial on all her claims. This argument is meritless. It is plain that Rollins' motion to confirm was

denied as redundant and moot in light of the previous order denying her motion to vacate.

AFFIRMED.