Oscar JIMENEZ; Mario Lopez; Victor Samano, Plaintiffs–Appellants,

v.

KELLOGG'S COMPANY, INC., a California corporation, Defendant–Appellee,

and

Randy Byrd, individually and in his official capacity as Plan President; Paul Morgan, individually and in his official capacity as Supervisor; Luis Mor-

eno, individually and in his official capacity as Leadman; Jeff Kirberg, individually and in his official capacity as Production Manager; Cal Blocker, individually and in his official capacity as Supervisor, Defendants.

No. 99–17105.

D.C. No. CV–97–20465–JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2001.

Decided Aug. 20, 2001.

Before SCHROEDER, Chief Judge, D.W. NELSON and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Plaintiffs–Appellants Oscar Jimenez, Mario Lopez and Victor Samano (collectively referred to as "Plaintiffs") appeal the district court's denial of their motion, made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to vacate the dismissal of their complaint for employment discrimination against Defendant–Appellee Kellogg's Company ("Kellogg's").

*BACKGROUND*

On January 14, 1999, the district court ordered the Plaintiffs' case dismissed because neither Plaintiffs nor their attorney appeared at a hearing on an order to show cause why Plaintiffs' complaint should not be dismissed due to failure to attend a case management conference. The order was entered on January 22, 1999, but no separate judgment was filed or entered. On July 16, 1999, Plaintiffs filed a motion to set aside the dismissal order, which was denied.

*DISCUSSION*

In *Carter v. Beverly Hills Sav. and Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir. 1989), we held that "the time requirements of Rule 60(b) only commence running upon 'entry' of a final judgment that complies with Rule 58 [of the Federal Rules of Civil Procedure] ." Rule 58 "requires that every judgment must be set forth on a separate document." *Carter*, 884 F.2d at 1189. We have "held fast to a mechanical application of the 'separate judgment' rule, requiring all formalities to be observed." *Corrigan v. Bargala*, 140 F.3d 815, 818 (9th Cir.

1998) (citation omitted). A separate document is "a sheet containing the judgment," which is "distinct from any opinion or memorandum." *Allah v. Superior Ct.*, 871 F.2d 887, 890 (9th Cir.1989) (internal quotation omitted). "[T]he entry of an order in the civil docket outlining the facts, law, and legal analysis is not sufficient to satisfy the requirement of Rule 58 that a separate document be filed by the clerk setting forth the judgment." *Corrigan*, 140 F.3d at 818. Rule 58 further requires that the judgment 1) indicate that it is an order, 2) be mailed to counsel, 3) be signed by the clerk or deputy clerk who prepared it, and 4) be entered on the docket sheet showing that a separate order was filed. *See Carter*, 884 F.2d at 1189–1190. The civil docket sheet in this case does not reflect that any of these requirements have been met. As the time for filing a Rule 60(b) motion had not commenced, the district court erred in ruling that the Plaintiffs' Rule 60(b) motion was untimely.

Additionally, because no judgment was entered, Plaintiffs have not waived their right to appeal the merits of the district court's dismissal for lack of prosecution, even though they did not raise that issue in this appeal. *See Corrigan*, 140 F.3d at 818 (9th Cir.1998).

Accordingly, we VACATE the district court's denial of Plaintiffs' Rule 60(b) motion and REMAND with direction that the district court consider the merits of the motion.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.