**Earl D. FORD, Petitioner–Appellant,**

v.

**Rick DAY, Respondent–Appellee.**

No. 99–35045.

D.C. No. CV–97–00172–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Oct. 22, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

■ Earl D. Ford, a Montana state prisoner, appeals the district court's dismissal of his habeas corpus petition for failure to exhaust and procedural default.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253.[2] Reviewing *de novo*, we affirm.

## I. EXHAUSTION

Ford contends that the trial court violated his federal due process rights by admitting character evidence at trial. Ford presented this claim for the first and only time in a petition for rehearing on direct appeal to the Montana Supreme Court. That court summarily denied the petition.

A petitioner must exhaust all state remedies with respect to his federal claims before a federal court may entertain his petition for writ of habeas corpus. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). A claim is not fairly presented if it is submitted for the first time in a procedural context in which the state's highest court will not consider the merits unless "there are special and important reasons." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (internal quotation marks omitted). Under Montana law, a petition for rehearing provides a procedural context for review on the merits only where (1) the trial court overlooked a material fact or decisive question, or (2) the decision conflicts directly with a statute or other controlling authority. MONT. R. APP. P. 34. Neither condition applies, and as the Montana rule precludes Ford from raising a federal question for the first time on rehearing, he did not fairly present the question to the state court and has failed to exhaust.[3]

## II. PROCEDURAL DEFAULT

Under Montana law, a petitioner seeking postconviction relief may not raise grounds

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The only issues certified by the district court for appeal are whether presentation of a federal claim for the first time on a motion for rehearing is a "fair representation" [sic, presentation] of the claim and satisfies the exhaustion requirement, and whether procedural default may be raised by the court *sua sponte*. Because we find that procedural bar was raised by the state in its memorandum in support of its motion to dismiss the petition, we do not address the second issue.

2. The state mistakenly contends that Ford's appeal is untimely, thus depriving us of jurisdiction. The time for filing a notice of appeal does not begin to run until judgment is entered in compliance with Federal Rules of Civil Procedure 58 and 79(a). *Corrigan v. Bargala*, 140 F.3d 815, 819 (9th Cir.1998). Here no separate judgment was entered as required by those rules. We nevertheless have jurisdiction to consider the merits of the appeal. *See id.* at 818.

3. Ford mistakenly relies on *Creekmore v. District Court*, 745 F.2d 1236 (9th Cir.1984). Unlike in the present case, the petitioner in *Creekmore* exhausted his remedies by noting his claim in his brief to the Montana Supreme Court on direct appeal and arguing it extensively in his petition for rehearing. *Id.* at 1238.

that he could reasonably have raised on direct appeal. MONT. CODE ANN. § 46–21–105(2) (2000). Additionally, state habeas corpus relief is not available to a petitioner who has exhausted his remedy of direct appeal. MONT. CODE ANN. § 46–21–101(2). Because Ford filed a direct appeal of his conviction, he has no further state proceeding available in which to assert his federal due process claim. *Id.* Accordingly, Ford faces a procedural bar that rests on an adequate and independent state ground sufficient to bar federal review. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *see Castille,* 489 U.S. at 351, 109 S.Ct. 1056.

To constitute an adequate and independent ground, the procedural rule must be "clear, consistently applied, and well-established at the time of petitioner's purported default." *Wells v. Maass,* 28 F.3d 1005, 1010 (9th Cir.1994). The Montana courts have consistently applied §§ 46–21–101(2) and 46–21–105(2) without consideration of federal procedural or substantive law to bar review of issues that a petitioner could have raised on direct appeal. *See Gollehon v. State,* 296 Mont. 6, 986 P.2d 395, 402 (Mont.1999) (rejecting petitioner's request to address potentially unexhausted federal claims on the basis that Montana's statutory bar prevented review of claims not raised on direct appeal), *cert. denied,* 529 U.S. 1041, 120 S.Ct. 1539, 146 L.Ed.2d 353 (2000); *State v. Hanson,* 296 Mont. 82, 988 P.2d 299, 301 (Mont.1999) (explaining that Montana state courts must consistently apply the statutory bar to prevent the abuse of postconviction relief by criminal defendants). Thus, the Montana procedural default rules provide an adequate and independent state ground precluding federal court review of Ford's due process claim. *Cf. La Crosse v. Kernan,* 244 F.3d 702, 707 (9th Cir.2001) (finding that the California Supreme Court had not made it clear it was resting its denial of postconvic-

tion relief on an adequate and independent state law ground); *Smith v. Stewart,* 241 F.3d 1191, 1197 (9th Cir.2001) (holding that the Arizona Supreme Court's opinion denying petitioner's motion for reconsideration for procedural default necessarily included an evaluation of the merits of his claim and thus did not satisfy the requirement that a state court clearly and explicitly invoke a state procedural rule to bar federal habeas review).

Because Ford can no longer present his claim to the highest state court, he has procedurally defaulted, precluding federal review absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Ford has not demonstrated "that some objective factor external to the defense impeded counsel's efforts to comply with" Montana's rules. *Id.* at 753, 111 S.Ct. 2546 (internal citations omitted). Nor has Ford shown that his claim requires federal review to prevent a miscarriage of justice.

AFFIRMED.