GENERAL ELECTRIC CAPITAL CORPORATION, a New York corporation, Plaintiff,

and

Hewlett–Packard Co., Creditor— Appellee,

v.

ATE INTERNATIONAL, INC., a California corporation, Defendant-cross-defendant-cross-claimant,

and

Douglas W. Teeter, Sr., an individual, Defendant–cross–claimant– Appellant.

California Bank and Trust, Real-party-in-interest—Appellee,

v.

Signetics Kp Co. Ltd., a South Korean corporation aka Signetics Korea Co. dba Signetics High Technology, Inc., Cross-defendant.

No. 01–15469.

D.C. No. CV–98–21210–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided July 24, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,* District Judge.

MEMORANDUM **

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Douglas W. Teeter, Sr., appeals the district court's order directing the disbursement of trust account funds to non-party California Bank and Trust. We dismiss for lack of jurisdiction.

The district court's January 4, 2001 order was a final decision under 28 U.S.C. § 1291 because it fully adjudicated all of the issues and clearly evidenced the judge's intention that it be the court's final act. *See Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990). The order was not interlocutory, so Teeter's reliance on 28 U.S.C. § 1292(a)(2) is misplaced. The district court's February 8, 2001 order was merely ministerial and is not an appealable order. *See American Ironworks & Erectors, Inc. v. North American Construction Corp.*, 248 F.3d 892, 898 (9th Cir.2001). Therefore, Teeter's notice of appeal filed March 2, 2001 is untimely. *See* Fed. R.App. P. 4(a)(1)(A).

Given our lack of jurisdiction, we do not consider any other issues raised on appeal.

DISMISSED.