**In re HOMESTORE.COM, INC. SECURITIES LITIGATION.**

**No. C01–11115 RSWL(CWX).**

United States District Court, C.D. California.

July 17, 2004.

Bruce L. Simon, Joseph W. Cotchett, Peter E. Borkon, Robert G. Retana, Mark Cotton Molumphy, Nanci E. Nishimura, Steven N. Williams, Cotchett, Pitre, Simon & McCarthy, Burlingame, CA, Clifford H. Pearson, Gary S. Soter, Wasserman, Comden, Casselman & Pearson, Tarzana, CA, Darren J. Robbins, Lerach, Coughlin, Stoia, Geller, Rudman and Robbins, Tracey L. Worthington, Bernstein, Litowitz, Berger & Grossmann, William S. Lerach, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, Jeffrey H. Dasteel, Katherine M. Pratt, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, CA, for Plaintiffs.

Robert C. Vanderet, Seth A. Aronson, Sharon Louise Tomkins, O'Melveny & Myers, Howard M. Privette, Morgan J. Miller, Paul, Hastings, Janofsky & Walker, Marc A. Fenster, Russ, August & Kabat, Richard D. Gluck, Robert H. Fairbank, Fairbank & Vincent, Daniel S. Floyd, Dean J. Kitchens, Lynn M. Dean, Mark Mermelstein, Richard J. Doren, Sogol K. Pirnazar, Ted Allan Gehring, Wendy L. Wallace, Gibson, Dunn & Crutcher, C. Robert Boldt, Erin Nicole Brady, Kirkland & Ellis, Jan L. Handzlik, Howrey, Simon, Arnold and White, John B. Quinn, Thad Alan Davis, Quinn, Emanuel, Urquhart, Oliver & Hedges, Stuart A. Shanus, Reed, Smith, Crosby & Heafey, Richard R. Mainland, Fulbright & Jaworski, William K. Mills, Parker, Mills & Patel, Bernard C. Barmann, Jr., Ralph F. Hirschmann Law Offices, Torgny R. Nilsson, Thelen, Reid & Priest, Yolanda Orozco, Liner, Yankelevitz, Sunshine and Regenstreff, Belinda S. Lee, Everett C. Johnson, Jr., J. Christian Word, Latham & Watkins, Los Angeles, CA, Michael J. Biles, Paul R. Bessette, Brobeck, Phleger & Harrison, Austin, TX, Donna M. Herzing, Robert Charles Friese, Zesara Chan, Shartsis, Friese & Ginsburg, John William Davis, John W. Davis Law Offices, Kathleen T. Dyer, Nanci L. Clarence, Clarence, Snell & Dyer, San Francisco, CA, Ana C. Reyes, F. Whitten Peters, George Borden, Ryan T. Scarborough, Williams & Connolly, Tanya Chutkan, William A. Isaacson, Boies, Schiller & Flexner, Carl S. Kravitz, Graeme W. Bush, Kristen Flynn, Roger C. Spaeder, Zuckerman Spaeder, Washington, DC, Samuel Kader, Stephen P. Warren, Skadden, Arps, Slate, Meagher & Flom, Marc J. Ross, Richard J. Babnick, Jr., Sichenzia Ross Friedman Ference, New York, NY, Pamela J. Naughton, Sheppard, Mullin, Richter & Hampton, San Diego, CA, Alison T. Shaw, Thomas O. Helton, Baker, Donelson, Bearman & Caldwell, Chattanooga, TN, William D. Naeve, Cotkin, Collins & Ginsburg, Santa

Ana, CA, Pallavi Wahi, Phillip H. Ginsberg, Stokes Lawrence, J. Thomas Richardson, Maureen D. Burke, Whitney H. Leibow, Cairncross & Hempelmann, Seattle, WA, Charles L. Zetterberg, Buxbaum & Chakmak, Claremont, CA, Eric William Benisek, Richard C. Vasquez, Tatia M. Lira, Morgan, Miller & Blair, Walnut Creek, CA, Mary T. Huser, Bingham McCutchen, Krista J. Martinelli, Walter Jesse Robinson, III, Pillsbury Winthrop, Douglas J. Clark, Kent Wycliffe Easter, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, David W. Shapiro, Boies, Schiller & Flexner, Oakland, CA, Brian J. O'Neill, O'Neill & Sun, Jodi M. Newberry, Paul D. Murphy, Murphy, Rosen and Cohen, Santa Monica, CA, Edward S. Nathan, Herbert J. Stern, Jeffrey Speiser, Stern & Greenberg, Roseland, NJ, for Defendants.

Peter B. Tafeen, Kirkland, FL, pro se.

Steven F. Helfand, San Francisco, CA, pro se.

Nicholas Koluncich III, Nicholas Koluncich III Law Offices, Albuquerque, NM, Laurie A. Traktman, Gilbert & Sackman, Los Angeles, CA, for Movant.

Michael R. Wilner, Office of U.S. Attorney, Los Angeles, CA, for Intervenor.

## ORDER DENYING OBJECTORS' MOTION FOR ENTRY OF PARTIAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)

PECHMAN, District Judge.

This matter comes before the Court on Objectors' (Matt Brody, Ronald Drucker and Josephine Drucker) Motion for and Order Directing the Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b). Lead Plaintiff California State Teachers' Retirement System ("CalSTRS") originally brought this private securities action alleging various acts of fraud on the part of several of Defendant Homestore.com, Inc.'s ("Homestore") officers and executives. A class was certified, and the class and Defendant Homestore reached a class action settlement as to all claims against Homestore. By prior order, as acknowledged in the Objectors' briefing, this Court overruled the Objectors' "requested relief to carve out and preserve class members § 11 and § 12 strict liability claims under the Securities Act of 1933" from the settlement. Final judgment on that settlement was entered on May 14, 2004. The Objectors bring the present motion for entry of final judgment "against the Objectors." This is needed, Objectors argue without citation or authority, because "the Objectors are foreclosed from appealing the extinguished 1933 Act claims because litigation continues against the non-settling parties under the 1934 Act." Having reviewed the papers and pleadings submitted by the parties, the Court hereby DENIES the Objectors' motion.

### ANALYSIS

■ Rule 54(b) judgment may be entered prior to the resolution of the entire case "[w]hen more than one claim for relief is presented in an action ... or when multiple parties are involved ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). The Rule therefore requires that there be "a certifiable judgment finally to resolve at least one claim in a multiple-claim action or finally to adjudicate the position of at least one party in a multiple-party action." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir.1987).

■ The Court entered just such a judgment on May 14, 2004, when it dismissed Defendant Homestore. All claims against Homestore were then extinguished. The Court entered judgment "finally to resolve at least one claim in a multiple-claim action [and] finally to adjudicate the position of at least one party in a multiple-party action." No authority has been cited, and the Court has found none, that indicates that judgment must be entered *as to objectors* to a class action settlement. Objectors are not even considered parties to the litigation unless and until they have successfully moved to intervene in the lawsuit. Nevertheless, the Supreme Court has made it clear that objectors may appeal a district court's order approving a class action settlement to the extent that the order affected them, namely that part of the order that overruled their objections. *Devlin v. Scardelletti*, 536 U.S. 1, 8–9, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002).

This Court is at a loss to see why the Objectors in the present case believe that they are "foreclosed from appealing" the Court's order approving the Homestore settlement. This Court's March 16, 2004, Order Granting Final Approval of Partial Class Action Settlement overruled the Objector's objections with a lengthy explanation of its rationale. As Plaintiff's point out in their opposition to the present motion, interlocutory orders merge into a final judgment. *See American Ironworks & Erectors, Inc. v. North American Construction Corp.*, 248 F.3d 892, 898–99 (9th Cir.2001). Under *Devlin*, the Objectors should be able to appeal the part of this Court's order that overruled their objections.

For all these reasons, the Objectors' motion is DENIED. The Court makes no reference to or comment on the timeliness of Objectors' appeal. That will be an issue for the Court of Appeals to decide.

The Clerk is directed to send a copy of this order to all counsel of record.