# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2011

Lyle W. Cayce
Clerk

No. 10-60573
Summary Calendar

MICAH RUDISILL,

Petitioner-Appellant

v.

BRUCE PEARSON, Warden, Federal Correctional Center Yazoo City,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-272

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 1998, Micah Rudisill, federal prisoner # 48233-019, was convicted by a jury of, inter alia, money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I), and conspiracy to commit money laundering, in violation of § 1956(h). In 2008, Rudisill filed a petition under 28 U.S.C. § 2241 arguing that his money laundering convictions should be invalidated in light of the Supreme Court's then-recent decision in *United States v. Santos*, 553 U.S. 507 (2008). The district court dismissed the § 2241 petition concluding that Rudisill did not meet the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements for proceeding under the savings clause of 28 U.S.C. § 2255 as set forth in *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). In reviewing the denial of habeas relief, the district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

In this case, the district court limited the application of *Santos* to cases of illegal gambling. The district court did not have the benefit of this court's contrary reasoning in *Garland v. Roy*, 615 F.3d 391, 402-04 (5th Cir. 2010), when it reached this conclusion. Accordingly, the judgment of dismissal of Rudisill's § 2241 petition is VACATED, and the matter is REMANDED to determine whether, consistent with *Garland*, his claim falls within the savings clause of § 2255.