# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3162

_____

| | | |
|---|---|---|
| In re: Digi International, Inc. Securities Litigation | * | |
| | * | |
| | * | |
| | * | |
| _____ | * | |
| | * | |
| Louisiana State Employees | * | |
| Retirement System, on behalf | * | Appeals from the United States |
| of itself and all other parties | * | District Court for the |
| similarly situated and | * | District of Minnesota. |
| circumstanced who desire to | * | |
| personally join in this action | * | [UNPUBLISHED] |
| and to contribute to the costs | * | |
| and expenses thereof, | * | |
| | * | |
|     Plaintiff/Appellant, | * | |
| | * | |
| | * | |
|   v. | * | |
| | * | |
| Digi International, Inc.; Gary L. | * | |
| Deaner;  Ervin F. Kamm, Jr.; Gerald | * | |
| A. Wall; John Doe; and Richard Roe, | * | |
| the names "John Doe" and "Richard | * | |
| Roe" being fictitious;  the parties | * | |
| intended being those parties, | * | |
| presently unknown to the plaintiff, who | * | |

participated in the wrongful acts     *
set forth herein,     *

    *

       Defendants/Appellees.     *

_____

No. 00-3227

_____

In re: Digi International, Inc.     *
Securities Litigation     *

    *

    *

_____

    *

Dennis D'Hondt, individually     *
and on behalf of all persons similarly     *
situated; Bradley Dunham; Michael     *
Isaacs; Perminder Singh; Richard Tart;     *
Howard Deckelbaum; James Warren;     *
Emilio Rindone; William Radosevich;     *
Aldo Davico; Thomas Burns; Marion     *
Burns; June Royal; Keith D. Kuhlman;     *
James Hayes; John Reynolds; Ruth     *
Linehan; Russell Siegel; Anne Butler,     *
as Executrix of the Estate of Michael     *
Butler; Estate of Michael Butler; Paul     *
Holm; and Edward Chapman,     *

    *

       Plaintiffs/Appellants,     *

    *

     v.     *

    *

Digi International, Inc.; Ervin F.     *
Kamm, Jr.; Gerald A. Wall; and     *

-2-

Gary L. Deaner,       *

      Defendants/Appellees,    *

---

Ruth Linehan, individually and
on behalf of all persons similarly
situated,

      Plaintiff/Appellant,

    v.

Digi International, Inc.;
Ervin F. Kamm, Jr.; Gerald
A. Wall; and Gary L. Deaner,

      Defendants/Appellees,

---

Russell Siegel; Anne Butler, as
Executrix of the Estate of Michael
Butler, on behalf of themselves and all
others similarly situated; Estate of
Michael Butler;

      Plaintiffs/Appellants,

    v.

Digi International, Inc.;  Ervin F.
Kamm, Jr.; Gerald A. Wall; and
Gary L. Deaner,

      Defendants/Appellees,    *

-3-

_____                    *

Paul Holm, individually and on              *
behalf of all persons similarly             *
situated;                                    *
                                             *
       Plaintiff/Appellant,             *
                                             *
   v.                                       *
                                             *
Digi International, Inc.;  Ervin F.          *
Kamm, Jr.; Gerald A. Wall; and              *
Gary L. Deaner,                             *
                                             *
       Defendants/Appellees,            *
                                             *
_____                    *
                                             *
Edward Henry Chapman, III,                   *
on behalf of himself and all others         *
similarly situated;                         *
                                             *
       Plaintiff/Appellant,             *
                                             *
   v.                                       *
                                             *
Digi International, Inc.; Ervin F.           *
Kamm, Jr.; Gerald A. Wall; Jonathon         *
C. Killmer;   and Gary L. Deaner,           *
                                             *
       Defendants/Appellees.            *

_____

Submitted: June 11, 2001
Filed: July 5, 2001

_____

Before BOWMAN and HEANEY, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

This appeal consolidates two securities fraud actions alleging that the defendants, Digi International, Inc. and three of its former officers, artificially and fraudulently inflated Digi's earnings during a portion of fiscal year 1996 by improperly accounting for Digi's investments in AetherWorks Corporation, by running an alleged "new sales program" which allegedly impacted the timing of product returns by Digi's customers and by other alleged accounting errors.  Two orders of the district court are appealed. We affirm them both.

One of the suits is brought on behalf of a putative class (the Class Plaintiffs). The other is brought by a pension fund, the Louisiana State Employees Retirement System (LASERS).  The Class Plaintiffs' Consolidated Amended Complaint alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), on behalf of a purported class consisting of all persons who purchased Digi's stock in the market between January 25 and December 23, 1996 (the Fraud Period).  LASERS' Amended Complaint made similar factual allegations, pleaded similar claims under Sections 10(b) and 20(a) and pleaded additional claims for violation of Section 18(a) of the 1934 Act, 15 U.S.C. § 78r(a), for common law fraud, and for negligent misrepresentation.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

Defendants moved to dismiss both complaints for failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On May 22, 1998, the district court[2] granted the motion to dismiss as to all claims brought in both cases except the fraud claims asserted under sections 10(b) and 20(a) against defendants Digi, Kamm, and Wall with respect to Digi's alleged improper accounting for its investments in AetherWorks. (This is the Digi I decision.) Among the claims dismissed in Digi I were claims with respect to the alleged "new sales program" and LASERS' claims for shares it sold during the Fraud Period while the stock price was allegedly inflated. The dismissals of these two claims are before us on the Digi I appeal. After the close of discovery, Defendants moved for summary judgment on the securities fraud claims relating to the accounting for Digi's investments in AetherWorks. The district court[3] granted the motion and entered final judgment on August 17, 2000. In the memorandum and order granting summary judgment (the Digi II decision), the district court also referred Defendants' motion for sanctions against LASERS to the Magistrate Judge. The grant of summary judgment in Digi II is before us on appeal.[4]

---

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[3]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota. This action was transferred from Judge Tunheim and reassigned to Judge Frank on November 4, 1998.

[4]LASERS attempted to appeal that portion of Digi II referring Defendants' motion for sanctions to a magistrate judge. The magistrate judge to whom the motion was referred has not issued a decision, so the order of referral is not a final, appealable order and is not properly before us on appeal. See Lee v. L.B. Sales, Inc., 177 F.3d 714, 717-18 (8th Cir. 1999) (district court order awarding sanctions but reserving determination of the amount of the sanction is not final and appealable until entry of later order fixing amount of sanctions).

We review de novo the portions of Digi I before us on appeal.  Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  We have carefully considered the arguments raised on appeal and find them without merit, for the reasons articulated in the well-reasoned opinion of the district court.

We also review de novo the grant of summary judgment in Digi II.  Gentry v. Georgia-Pacific Corp., 250 F. 3d 646, 649 (8th Cir. 2001).  The district court granted summary judgment after finding that the issue of how to properly account for the AetherWorks investments was subject to differing opinions.  Thus, the district court reasoned that no reasonable jury could find that Defendants acted with scienter since reasonable people could disagree about how the investments should have been treated for accounting purposes.  For the reasons articulated in the well-reasoned opinion of the district court in Digi II, we affirm the grant of summary judgment to Defendants.  In doing so, we pause only to make a brief observation.

Scienter is "a mental state embracing intent to deceive, manipulate, or defraud." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 n.12 (1976).  Severe recklessness can be sufficient to meet the scienter requirement, K & S Partnership v. Continental Bank, N.A., 952 F.2d 971, 978 (8th Cir. 1991), but it is limited to

> "'those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it.'"

Id. (quoting Woods v. Barnett Bank of Fort Lauderdale, 765 F.2d 1004, 1010 (11th Cir. 1985) (in turn quoting Broad v. Rockwell Int'l Corp., 642 F.2d 929, 961-62 (5th Cir.) (en banc), cert. denied, 454 U.S. 965 (1981)).  The evidence in this case was not sufficient to go to the jury on that question.

We have carefully considered the arguments raised on appeal, in particular the question of whether the manner in which Digi made its decision regarding the proper accounting treatment for the AetherWorks investments establishes scienter or negates scienter. In this regard, we have carefully examined the evidence regarding the actions of Digi's independent accountants, Coopers & Lybrand, and Digi's outside legal counsel.

We fully agree with the district court that Coopers & Lybrand's changing posture about how to account for the AetherWorks investments, coupled with the opinions of outside legal counsel rendered to Digi during the pertinent time frame, establishes that no reasonable jury could find the necessary element of scienter even if the accounting treatment was improper. As the district court correctly noted, "[t]he undisputable fact that the Defendants were in consultations with their outside accountants and legal counsel during the period in question is in itself evidence which tends to negate a finding of scienter. See S.E.C. v Caserta, 75 F. Supp. 2d 79, 94-95 (E.D.N.Y. 1999) . . . ." (In re: Digi International Inc. Securities Litigation, No. 97-5, slip op. at 15 n.7 (D. Minn. August 17, 2000), found in LASERS' App. at 232.)

In summary, the dismissal and summary judgment decisions were correct. Therefore, they are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.